### JOSEPHINE WATERS v. WILEY M. KEAR.

(Filed 17 February, 1915.)

**Waters — Upper Proprietor—Diversion—Drainage Ditches—Irrelevant Evidence—Condemnation—Drainage Act.**

Where the upper proprietor of lands has diverted the natural flow of the water thereon to the damage of the lower proprietor, the latter may then recover his damages caused thereby, and it is no defense to show that he might have reduced his damages by cutting drainage ditches on his own land or by agreeing that the upper proprietor should cut them. The defendant's remedy, if any, was by proceedings for condemnation under the Drainage Act.

APPEAL by both plaintiff and defendant from *Bond, J.,* at October Term, 1914, of BEAUFORT.

*Ward & Grimes for plaintiff.*
*Daniel & Warren for defendant.*

CLARK, C. J. This is an action for damages to plaintiff's crops and her land by the diversion of surface water. The jury found upon the issues submitted that the defendant wrongfully diverted the water upon

the lands of the plaintiff; that her crops had been damaged, within three years before action brought and down to the trial, $150, and that the permanent damage to her land was $65.

The court submitted as additional issues what it would have cost the plaintiff to have cut certain ditches, marked on the map, which would have prevented the diverted water from injuring the plaintiff's lands and crops, and whether the defendant offered to cut a ditch through plaintiff's land which would have prevented the injury, and which the plaintiff refused to let the defendant cut. The jury having found that the water was wrongfully diverted by the defendant upon the plaintiff's land, these latter issues and the findings thereon are irrelevant. If the water was wrongfully diverted, it may be that it would have been good neighborship and possibly good policy for the plaintiff to have permitted the defendant to have cut a ditch through her land, and thus have avoided any damage from the wrongful diversion of the water, if it would have had that effect. But the defendant had no legal right to require this, and the plaintiff was not required to assent to the defendant cutting a ditch through her land (which she doubtless had her reason for not wishing to be put there) simply to relieve the defendant from the consequences of his wrongful act.

The defendant's remedy in such case, if any, was to have had the right of way condemned through the plaintiff's land under the Drainage Act. He certainly had the remedy in his own hands of abandoning the diversion of the water and draining the water off according to its natural flow. A somewhat similar state of facts is presented and discussed in *Barcliff v. R. R.,* 268 *post.*

The court below should have rendered judgment in favor of the plaintiff, in accordance with the verdict on the second and third issues, for $215.

The case will be remanded, to the end that judgment may be so entered. This renders it unnecessary to discuss the defendant's appeal.

In defendant's appeal, No error.

In plaintiff's appeal, Reversed.