S. A. SAVAGE ET AL. v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 17 February, 1915.)

1. **Waters—Lateral Ditches—Insufficient Culvert—Diversion of Water.**

   Where the water from the lateral ditch along the right of way of a defendant railroad overflows the lands of the plaintiff because of a culvert under the roadbed insufficient to carry off the flow from the ditch, the issue presented is one of fact as to the diversion of the water from its natural flow, and if the damages are thus caused, the defendant is answerable.

2. **Same — Permanent Damages — Continuous Damages—Limitations of Actions.**

   The five-year statute of limitations [Rev., 394 (2)] does not apply to damages for the diversion of water from a lateral ditch along the roadbed of a railroad company, caused by an insufficient culvert to carry it under the roadbed, until the culvert became insufficient.

APPEAL by defendant from *Carter, J.,* at August Term, 1914, of GATES.

*Ward & Grimes for plaintiff.*
*W. B. Rodman and J. K. Wilson for defendant.*

CLARK, C. J. This is an action to recover damages for ponding water on the land and crops of the plaintiff. The east side of plaintiff's field drains towards the railroad and into the lateral ditches along its track. Formerly the lead ditch went under the roadbed, but the defendant let this culvert fill up. This turned the water to the south along the railroad and its lateral ditch along the plaintiff's field has filled up until its bottom is higher than the plaintiff's ditch. The answer of the defendant contends that the plaintiff's ditch is too low, and it also pleads the statute of limitations.

There is no question of accelerating or increasing the flow of the water. But it is simply a question of fact as to whether the water has been diverted, and the jury find on the issues that the water was diverted to the damage of the plaintiff, as alleged. The defendant contends that the culvert was filled up when the plaintiff bought the land and that as the defendant had neglected to clean out the culvert for ten years, it was protected by the statute of limitations.

The defendant's brief properly states that the question raised by this appeal is, "When does the statute of limitations begin to run?" There was evidence that the culvert had been stopped up some ten years. The court charged the jury that the plaintiff was entitled to recover for such damages, if any, done to the plaintiff's land and crop by the water ponded back by the defendant within three years before action begun. This is not an action for permanent damages from stopping up the

168—16

ditch and culvert, but for damages from the recurring overflows from time to time, and his Honor's instruction was correct. This damage was not caused by "the construction of said road or the repairs thereto," and the five years statute, Rev., 394 (2), does not apply. This case is substantially like *Spilman v. Nav. Co.,* 74 N. C., 675, and *Barcliff v. R. R.* (the same defendant), 268 *post.*

No error.