R. C. BARCLIFF v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 17 February, 1915.)

1. **Waters—Upper Proprietor—Diverting Flow—Damages.**

An upper proprietor can increase and accelerate the flow of water from his lands without liability to the lower proprietor for damages; but when the flow of water is diverted to the detriment of the lower proprietor, he may recover for the damages consequently caused to his lands.

2. **Same—Swamp Lands—Drainage—Insufficient Culvert.**

Where the track of a railroad company passes through a large area of low, boggy, and undrained land, and to drain the same the company cuts ditches through the rim of the basin, to carry off the water to an existing ditch, which empties the water into a ditch along the county road, carrying it further along to where the last ditch crosses the road through a culvert; and thereafter enlarges the various ditches so as to carry off more of the water, but fails to enlarge the culvert whereby the increase of water finds an insufficient outlet and ponds water back upon the plaintiff's land, to his damage: *Held*, the drainage of the lands by the defendant, in this manner, and diverting its flow with an insufficient culvert, caused an injury to the plaintiff's land for which the defendant is responsible in damages.

3. **Same—Limitation of Action.**

Where an upper proprietor has drained, by the use of ditches ultimately emptying through a culvert, under a railroad embankment, an area of his low, swampy lands, and thereafter enlarges the ditches so as to carry such additional quantity of waste as to render the culvert inadequate and pond water upon the lands of the lower proprietor, the latter's cause of action did not accrue until the ditches were so enlarged, and the statute of limitations did not commence to run till then.

4. **Same—Continuing Damages—Presumption of Grant—Permanent Damages.**

Where the upper proprietor has caused damages to the lands of the lower proprietor by diverting the surface waters from their natural flow, the latter, in his action, is entitled to recover such damages as accrued within three years prior to the commencement of the action, unless there is a presumption of a grant from twenty years acquiescence, or permanent damages in an action brought within five years after the act complained of.

5. **Waters—Upper Proprietor—Diverting Water—Rights of Lower Proprietor —Diminishing Damages.**

The lower proprietor, upon whose lands the upper proprietor has diverted the flow of water to his damage, is not required to avoid the damage by digging drainage ditches to carry off the water.

Appeal by defendant from Carter, J., at November Term, 1914, of Pasquotank.

*Thomas J. Markham and Aydlett & Simpson for plaintiff.*
*J. Kenyon Wilson for defendant.*

CLARK, C. J. This is an action for damages for diverting surface water from the right of way of the defendant and ponding it back upon the plaintiff. The defendant in building its roadbed in 1881 passed through several thousand acres of low, boggy, and uncleared land, a portion of which formed a basin in which all water falling on this area and surrounding lands accumulated and stood until it passed off by percolation or evaporation. The defendant, in order to maintain its roadbed through this basin, found it necessary to drain somewhere, and for that purpose cut two 6-foot lateral ditches along its right of way, and then, in order that the water on the eastern side might be carried through to the western side, it put a culvert under its roadbed whereby the water which would have drained east if at all was carried to the western side. To let it out of this basin the defendant secured the use of an old ditch known as the "Terry" ditch, and, cutting a connecting ditch 125 yards from its right of way through the rim of the basin, drained the diverted water down the "Terry" ditch some 800 yards to the county road ditch, and thence along the road 180 yards to where the ditch crossed the county road through a culvert. In 1911 the defendant enlarged these ditches from their right of way to the county road and along the county road to an 8-foot ditch, but left the culvert at the county road not enlarged, and did not extend the ditch beyond the county road.

The motion to nonsuit was properly denied. The principle is well settled that an upper proprietor can increase and accelerate the flow of water from his land, but such flow of water must not be diverted to the detriment of the lower proprietor. *Briscoe v. Parker,* 145 N. C., 17; *Mizzell v. McGowan,* 125 N. C., 439; *Hocutt v. R. R.,* 124 N. C., 214. There is evidence tending to show that the increased flow of the water collected by the defendant's ditches and carried down through the other ditches to the culvert at the county road was there impeded and backed up, overflowing and damaging the plaintiff's land, because the culvert was not enlarged with the enlargement of the ditches above it. The water thus carried down to said culvert and there backed up on the plaintiff's land was not water which would have flowed, if at all, eastward, and was brought under the defendant's roadbed and thence let out by a ditch cut through the rim of the basin, down the ditches above mentioned. This was a diversion of water to the plaintiff's injury.

"The defendant has no right to collect surface water into a ditch not adequate to receive it and thus flood and injure the lands of another." *Staton v. R. R.,* 109 N. C., 341; *Jenkins v. R. R.,* 110 N. C., 444, 447. This is not the case of draining into a natural waterway increasing its flow, which defendant had a right to do, but is a case of collecting surface water into an inadequate ditch, which did not reach a natural watercourse, diverting it and leading it down to a point where by reason of

the insufficient exit it was backed up and overflowed the plaintiff's land. *Mizzell v. McGowan,* 120 N. C., 134; *Briscoe v. Parker,* 145 N. C., 17; *Davenport v. R. R.,* 148 N. C., 288.

In *Brown v. R. R.,* 165 N. C., 396, the Court said that the higher owner "cannot artificially increase the natural quantity of water or change its natural manner of flow by collecting it in a ditch and discharging it upon the servient land at a different place or in a different manner from its natural discharge."

This cause of action did not accrue till 1911, when the enlargement of the ditch and the defendant's failure to lengthen and enlarge the same at the mouth caused the flooding. No damage had accrued to plaintiff till that time and no action could have been maintained. The injury was not caused by the ditches dug in 1881, but by the deepening and enlarging of them in 1911, whereby the additional water was carried down and was stopped by the failure to enlarge the culvert at the public road and to carry the ditch farther on. It is true, the ditches dug in 1881 diverted the water, but it was carried by the plaintiff's land, and the exit being sufficient the water was not ponded back on him and he suffered no damage. The statute of limitations began to run, therefore, only with the enlargement of the ditches in 1911 and the overflow then caused by the insufficient exit afforded by the culvert. *Roberts v. Baldwin,* 155 N. C., 277; *Park v. R. R.,* 143 N. C., 289; *Hocutt v. R. R.,* 124 N. C., 219.

The diversion of the water began in 1881, but, having caused no damage to plaintiff, he could not bring an action for damages. If the acceleration in 1911 was of a natural flow, this would not give a ground of action, but it is the acceleration of diverted water which caused the damage.

The plaintiff is entitled to recover such damages as accrued within three years prior to the commencement of this action, or he could recover permanent damages in an action brought therefor within five years after the enlargement of the ditch and the ponding back of the diverted water by the insufficient culvert, unless by acquiescence for twenty years the presumption of a grant or easement had arisen. *Roberts v. Baldwin,* 151 N. C., 408.

The lower proprietor is not required to avoid damages to his land in such case by digging ditches to carry off surface water wrongfully diverted from its natural flow by the upper proprietor to his damage. *Roberts v. Baldwin,* 155 N. C., 281; *Waters v. Kear, ante,* 246.