R. M. CARDWELL v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 19 April, 1916.)

**1. Water and Water-courses—Surface Waters—Diverting Flow—Damages.**

The upper proprietor is liable to the lower one for the damages caused to the latter's land by changing the direction of the flow of the surface water on his own premises; and where a railroad company thus causes damages to the land of the lower proprietor by changing the location of its culverts, it is liable for the consequent damages, without reference to the question of care or skill in the construction of its roadbed, side ditches, and culverts.

**2. Same—Railroads—Change of Culverts—Statutes.**

Where a railroad company has constructed its roads with culverts and ditches, and thereafter makes a change in the culverts so as to divert the flow of surface water, to the damage of the lands of the plaintiff, the lower proprietor, the five-year statute of limitations, Revisal, sec. 394 (2), begins to run only from the time the change was made which caused the damages complained of.

**3. Same—Torts—Diminution of Damages.**

Where damages sound in tort and do not arise by contract, the rule that the plaintiff is required to reasonably reduce the amount of his damages does not apply; and where a railroad company has wrongfully diverted the flow of water upon the lands of the lower proprietor, the latter is not required to go to the expense of cutting ditches on his land to carry off the water to reduce the amount of damages being caused to his lands.

APPEAL by defendant from *Cline, J.,* at November Term, 1915, of ROCKINGHAM.

*J. M. Sharp and Manly, Hendren & Womble for plaintiff.*
*H. R. Scott and King & Kimball for defendant.*

CLARK, C. J.   This is an action for damages to land and crops caused by the defendant collecting surface water on the upper side of its roadbed and diverting it through culverts and emptying it on the plaintiff's bottom-land.   The plaintiff admits that the water from three of these culverts flows into ditches which carry it into the plaintiff's main farm ditch, and thence into the river, without damage.   But he alleges that the other three culverts empty the water on the plaintiff's bottom-land, where there are no ditches, and that this diversion thus drowns out 17 out of 54 acres thereof.

There is evidence that prior to the spring of 1912 this water had done no substantial damage to the plaintiff; but that in that year the defendant repaired and improved its roadbed by enlarging its ditch on the upper side of its roadbed and replacing the culverts referred to with much larger culverts, whereby much of the water which had theretofore been retained in the ditches on the upper side until it had soaked in or evaporated was turned upon the plaintiff's land to its injury, the effect of the change being to greatly increase the quantity of the water and its velocity.   The contention of the plaintiff is that these three culverts were not placed at the natural drainways, but were arbitrarily located by the defendant for its own convenience, and thus the water which would have gone in another direction was diverted and turned upon the plaintiff's land.   The railroad bed was built in 1889, but this change, whereby the increased flow of water was diverted and turned upon the plaintiff's land and crops, occurred in 1912.

These allegations of fact were controverted by the defendant, but upon the issues submitted to the jury they found, upon competent evidence, that the defendant wrongfully and negligently diverted this surface water from its natural course and threw it upon the plaintiff's land, causing thereby damages of $500 to his crops (which the court, with the plaintiff's consent, reduced to $250), and assessed the permanent damages at $1,275, which the court, with the plaintiff's consent, reduced to $1,000.

It is well settled in this State, as in many others, that no one has a right to collect surface water upon his own premises and to so change the grade or surface thereof as to cause surface water thereon to flow in a different direction.   As it has often been expressed, the upper proprietor "may accelerate but cannot divert" the flow of surface water to the damage of his neighbor, without being responsible therefor. *Hocutt v. R. R.,* 124 N. C., 214; *Rice v. R. R.,* 130 N. C., 377; *Davis v. Smith,* 141 N. C., 108, and cases cited to above in Anno. Ed.; *Brown v. R. R.,* 165 N. C., 396; and there are many others in our Reports.   Also, see 40 Cyc., 645, 646, and 647.

This is not a question as to care and skill in the construction of the defendant's roadbed, side ditches, and culverts for the proper drain-

age of its right of way, but whether by the location of its culverts the defendant has wrongfully diverted the flow of water and thereby injured the plaintiff's lands and crops.

The principal question seems to be as to the statute of limitations. By Revisal, 394 (2), it is provided that no action shall be brought against a railroad company "for damages caused by the construction of said road or the repairs thereto unless the action shall be commenced within five years after such cause of action accrues." But this does not apply where there has been such addition to or change made in the roadway as to increase the damage inflicted by the diversion or the ponding back of water. In such case the five years statute runs only from such increase in the obstruction or diversion, which in this case was in 1912, and the action was begun in August, 1913. *Barcliff v. R. R.,* 168 N. C., 270, and cases there cited.

The defendant further contends that though the railroad company may have diverted the natural flow of the water to the damage of the plaintiff, the lower proprietor, the defendant here could rely upon the defense that the plaintiff could have reduced his damages by cutting drainage ditches thereon. But this principle applies only in cases of breach of contract where the party who has sustained damage thereby can by proper steps reduce the damages. It does not apply to cases of tort. *Waters v. Kear,* 168 N. C., 246; *Barcliff v. R. R., supra.* The lower proprietor is not required to avoid damages to his land by digging ditches at his own expense to carry off the surface water wrongfully diverted from its natural flow by the upper proprietor to his damage. *Roberts v. Baldwin,* 155 N. C., 281. The damages awarded embrace the cost of such additional ditching made necessary by the wrongful act of the defendant. This renders it unnecessary to consider the ground of the plaintiff's appeal or the other exceptions in the defendant's appeal.

No error.