M. P. C. YOWMANS v. THE CITY OF HENDERSONVILLE.

(Filed 28 May, 1918.)

1. **Municipal Corporations — Cities and Towns — Streets and Sidewalks — Surface Waters—Negligent Construction—Damages.**

    A municipal corporation is not ordinarily responsible in damages for the increase of water upon an abutting owner in regard to the flow and disposal of surface water incident to the grading and pavements of its streets, acting in pursuance of legislative authority, unless there has been negligence on its part which caused the damages complained of.

2. **Same—Dedication of Streets—Powers Conferred.**

    The right of a municipality to change the grade of its streets and improve them according to modern and generally approved methods passes to the municipality in the original dedication and may be exercised by its authorities as the good of the public may require, subject to the condition that it be exercised with proper skill and caution; and if, in a given case, or as it may affect the property of some abutting owner, there is a breach of duty in this respect causing damage, the municipality may be held responsible.

3. **Municipal Corporations—Cities and Towns—Surface Waters—Negligence —Damages—Compensation.**

    While municipal corporations may ordinarily pave and grade their streets without liability for an increase of surface water naturally falling on the lands of a private owner, where the work is properly done, they are not allowed, from this or other cause, to concentrate and gather such water into artificial drains and throw them on the lands of an individual owner in such manner and volume as to cause substantial injury to same without making adequate provision for its proper outflow, unless compensation is made, and for a breach of duty in this respect an action will lie against them.

4. **Same—Trespass—Nuisance—Contributory Negligence.**

    An injury to the land of an abutting owner on the street of a municipality by the negligence of the city in failing to provide a proper outflow for the surface waters it had concentrated and discharged on the land

from the grading and pavement of its street is in the nature of a trespasser nuisance, and the doctrine of contributory negligence does not always in strictness apply.

5. **Municipal Corporations—Cities and Towns—Surface Waters—Drains—Connecting Pipes—Liability—Storms.**

In this action against a municipality for concentrating the surface water in grading and paving its street upon the land of an abutting owner to his damage, there was evidence tending to show that the city had placed a subsurface drain on the plaintiff's land, running beneath his dwelling, insufficient to carry off the water, and on the other hand that the injury was solely caused by insufficient and improperly laid connecting drain pipes placed by the plaintiff to carry off the water from his remaining land. The damages sought were caused by the rising of water in plaintiff's dwelling, etc.: *Held,* the defendant's liability depended chiefly upon whether the injuries sustained were likely to result and did result under and from defendant's negligence in placing an insufficient subsurface drain pipe, under the conditions presented, with regard to whether the defendant had made adequate provision for the surface water under all ordinary rains and storms likely to occur, or whether the injuries complained of were entirely caused by plaintiff's own default in negligently laying his connecting drains.

6. **Municipal Corporations—Cities and Towns—Surface Waters—Negligence—Measure of Damages.**

Where a municipal corporation is liable in damages to the land of an owner abutting upon the street, caused by its negligence in failing to provide a sufficient drain to carry off the surface waters, a recovery may be had of such as may have directly resulted from the defendant's wrong, and all consequential damages which could reasonably be expected to occur, and did occur, under the conditions existing at the time.

7. **Municipal Corporations—Surface Waters—Negligence—Damages—Duty to Minimize.**

Where a municipality has damaged the land of an abutting owner upon the street by reason of its failure to construct an adequate drain pipe to carry off the surface waters from the street, such owner is not required to minimize his damages by running a counter drain, or incur substantial expense in the protection of his property when it is largely experimental in its nature and might result in incurring liability to a lower proprietor.

ACTION, tried before *Lane, J.,* and a jury, at Spring Term, 1917, of HENDERSON.

The action was to recover damages to plaintiff's house and lot abutting on Fourth Avenue in Hendersonville, N. C., claimed to have been caused by wrongfully diverting water upon the same by defendants, engaged in grading and paving the streets of the town. There were also allegations with supporting evidence, on the part of plaintiff, that defendant in such work had wrongfully and negligently concentrated the surplus water of the streets and thrown same upon plaintiff's lot, causing damage to the lot and the house situate thereon.

On the part of defendant, there was denial of any wrongful diversion of water or of any wrongful or negligent concentration of water, etc., and allegations that any damages suffered by plaintiff was caused by her own wrong and negligence in so laying drain pipes on her lot that the flow of water upon same was obstructed, causing the damage complained of.

On issues submitted, the jury rendered the following verdict:

1. Was plaintiff damaged by the city of Hendersonville in diverting water upon her premises, as alleged in the complaint? Answer: "Yes."

2. What damage has plaintiff sustained by reason of the diversion of the water? Answer: "$800."

Judgment on the verdict, and defendant excepted and appealed, assigning errors.

*A. C. Jones, Staton & Rector, and Smith & Shipman for plaintiff.*
*E. W. Ewbank for defendant.*

HOKE, J. There were facts in evidence on the part of plaintiff tending to show that she owned and occupied a residence lot in the city of Hendersonville, N. C., abutting on Fourth Avenue, the western half of what was formerly the auditorium lot, and before the acts complained of the natural flow of surface water in that vicinity was across the rear of the lot from east towards the southwest corner of same; that, professing to act under powers conferred by legislative charter, the authorities of the town at different times had so graded Fourth Avenue, and later graded and paved this and other connecting avenues and streets of the town, that large quantities of water were diverted from their natural flow in and upon plaintiff's lot, causing damage to same.

The evidence of plaintiff further tended to show that defendant, through its officers and agents, had concentrated the water of the street and conveyed the same upon plaintiff's lot by subsurface drains or pipes running under plaintiff's residence, and defendant, by its wrongful diversion of water and by bithulithic pavements upon its streets and avenues, had so increased and accelerated the volume of surface water so conveyed to plaintiff's lot that it overcharged the pipes provided for draining off the same, causing said pipes to burst, flooding the lower story of plaintiff's house and causing great damages to same; that plaintiff repeatedly complained to the town authorities and made appeals that they would make some provision for her protection, and such appeals were refused, defendant claiming that they were not charged with any duties in reference to plaintiff's lot and had no right of way thereon, and, on repeated and continuous damages suffered, plaintiff stopped up the pipes leading under her residence, causing the water to back out in

the public streets, etc., when defendants, to relieve the situation, put a large drain pipe around the side of plaintiff's house and which seems, for the present at least, to have relieved the conditions presented.

The evidence on the part of defendant was to the effect that they had not diverted any water on to plaintiff's lot which did not naturally flow there, but on the contrary, the action of the authorities in grading and paving the streets had relieved plaintiff's lot of much of the water that formerly flowed over her property; that defendant had not built or placed the subsurface pipes running under plaintiff's lot and was in no way responsible for their condition; that defendant was not guilty of any negligence in the matter, but the pipes as laid or adopted by the town and so running under plaintiff's house and lot were adequate for carrying off the water without appreciable harm, and would have done so but for plaintiff's own wrong in extending these pipes from the back of her house about 80 feet to the rear of her lot, and which were laid with insufficient fall, and so negligently that same were filled up and to such an extent that the water was backed up into plaintiff's house, causing the damage complained of.

Upon this, a general statement of the principal facts relevant to the inquiry, his Honor, in effect, charged the jury that if in grading and paving the streets the defendant, through its officers and agents, had diverted upon plaintiff's property more water than would naturally flow there, causing damage, the plaintiff would be entitled to recover.

Such a principle has been approved here in determining the proprietary rights of individuals or public-service corporations both in reference to natural watercourses and surface waters when collected into artificial drains, etc. (*Barcliff v. R. R.,* 168 N. C., 268; *Briscoe v. Parker,* 145 N. C., 14; *Mizzel v. McGowan,* 125 N. C., 439), but in regard to the flow and disposal of surface water incident to the grading and pavement of streets, a different rule is recognized, and a municipality, acting pursuant to legislative authority, is not ordinarily responsible for the increase in the flow of water upon abutting owners unless there has been negligence on their part causing the damage complained of. The right to change the grade of the streets and to improve the same, according to modern and generally approved methods, passed to the municipality in the original dedication and may be exercised by the authorities as the good of the public may require. It is held in this jurisdiction, however, that the right referred to is not absolute, but is on condition that the same is exercised with proper skill and caution, and if, in a given case, or as it may affect the property of some abutting owner, there is a breach of duty in this respect, causing damage, the municipality may be held responsible.

This rule of liability laid down by the Court in *Meares v. Wilmington,* 31 N. C., 73, has been many times approved in this State and is in accord with well-considered authority in other jurisdictions. *Hoyle v. Hickory,* 167 N. C., 619-620; *Harper v. Lenoir,* 152 N. C., 723; *Dorsey v. Henderson,* 148 N. C., 423; *Jones v. Henderson,* 147 N. C., 120; *Churchill v. Commissioners,* 48 Neb., 87; *Evansville v. Decker,* 84 Ind., 325; *Chalkley v. City of Richmond,* 88 Va., 402; *Perry v. City of Worcester,* 6 Gray, 544; 4 Dillon on Municipal Corporations (5th Ed.), sec. 1735.

On the record, therefore, we must hold that there was error in the ruling of his Honor that defendant was liable for diverting water upon plaintiff's land, incident to the grading and paving of the streets, without regard to the manner in which it may have been done.

. In further consideration of the facts in evidence, it is very generally held here and elsewhere that while municipal authorities may pave and grade their streets and are not ordinarily liable for an increase of surface water naturally falling on the lands of a private owner, where the work is properly done, they are not allowed, from this or other cause, to concentrate and gather such waters into artificial drains and throw them on the lands of an individual owner in such manner and volume as to cause substantial injury to the same and without making adequate provision for its proper outflow, unless compensation is made, and for breach of duty in this respect an action will lie. *Patoka Township v. Hopkins,* 131 Ind., 142; *City of Evansville v. Decker,* 84 Ind., 325; *Miller v. Morristown,* 47 N. J. Eq., 62; *Field v. West Orange,* 46 N. J. Eq., 183; VI McQuillan Municipal Corporations, secs. 2710-2711. And cases in our own Reports are in full recognition of the principle. *Davis v. Smith,* 141 N. C., 108; *Porter v. Durham,* 74 N. C., 767, etc.

While our Court, as shown, has referred the right to recover in actions of this character to the general principles of negligence, these injuries being in the nature of trespasser nuisance (4 Dillon, sec. 1735), the doctrine of contributory negligence as administered in this jurisdiction may not always in strictness be applied and, on the facts as now presented, we are of opinion that the question of liability between these parties should be determined on this or some equivalent issue, whether defendant has wrongfully turned its surface water on plaintiff's property, causing damage to same as alleged. And, under appropriate instructions applied to the facts and the principles of law heretofore stated, the question of defendant's responsibility should be made to depend chiefly on whether, having gathered and concentrated the surface water into artificial drains or sewers, it turned same on plaintiff's property in such manner and such volume that the injuries complained of were likely to result, and did result, under and from the conditions presented. If so, the issue should be answered "Yes."

If, however, the defendant, in the exercise of due care, had made adequate provision for the surface water under all ordinary rains and storms likely to occur, and the injuries complained of were entirely caused by plaintiff's own default in negligently laying her pipes from her lot to her back fence, then there should be no recovery, and the issue should be answered "No."

If the issue on liability is answered for plaintiff, then she is entitled to recover "All direct damages resulting from defendant's wrong and all consequential damages which could be reasonably expected to occur, and did occur, under conditions existent at the time." *Bowen v. King,* 146 N. C., 385-390, the opinion in the case quoting with approval from Hale on Damages, pp. 34 and 35, as follows: "This last author, in substance, says that a wrongdoer is liable for all damages which are the proximate effects of his wrong, and not for those which are remote. That direct losses are necessarily proximate, and compensation therefor is always recoverable. That consequential losses are proximate when the natural and probable effect of the wrong."

It was urged for defendant that though plaintiff may have suffered injury, her damages should be slight for the reason that, at small expense, she could have relieved her property from any and all effects of the wrong. The general principle is fully recognized with us that, in case of contract broken or tort committed, the injured party should do what reasonable care and business prudence requires to minimize the loss. *Hocutt v. Telegraph Co.,* 147 N. C., 193; *Bowen v. King,* 146 N. C., 385; *Tillinghast v. Cotton Mills,* 143 N. C., 268; *R. R. v. Hardware Co.,* 143 N. C., 54. But it has been also decided that one who has been injured by a wrong of this character is not compelled to counter drain or incur substantial expense in protection of his property where such a course is largely experimental in its nature and might result in incurring liability to a lower proprietor. *Roberts v. Baldwin,* 155 N. C., 276; *S. c.,* 151 N. C., 407; *Caldwell v. R. R.,* 171 N. C., 365.

For the error indicated there must be a new trial of the cause, and it is so ordered.

New trial.