Civil action to recover compensation for the partial taking or injury to plaintiffs' lands, located within the corporate limits of the city of Asheville.
From a verdict and judgment in favor of plaintiffs, the defendant appealed, assigning errors.
This action was instituted on 6 May, 1921, by T. J. Dayton and wife against the city of Asheville to recover damages or compensation for the partial taking or injury to two houses and lots, located in said city, the alleged injury or damage resulting, according to the plaintiff's contention, from the construction, maintenance and operation by the defendant, in the exercise of a governmental duty, of an incinerator, for the purpose of destroying and burning city garbage, refuse, etc., on an adjacent lot, or one in close proximity to plaintiffs' property. There was allegation and evidence tending to show that said incinerator was built by the defendant in the year 1913; that it was put into use or operation in 1914; and that by reason of its erection, location, and continuous operation in close proximity to plaintiffs' property, the said houses and lots, from time to time, have been and continue to be enveloped in smoke *Page 14 
arising therefrom, which said smoke, together with greases and ashes, constantly settle upon, damage, and injure plaintiffs' houses and lots, and every particle of household furniture and other articles located in said houses or on said lots. There was also allegation and proof to the effect that the carcasses of dead animals, together with obnoxious decayed vegetable matter, are constantly hauled to said incinerator for the purpose of being destroyed and burned therein, and that foul, offensive, and noxious odors, caused by the operation and maintenance of said incinerator, constantly pollute the atmosphere in the immediate vicinity of plaintiffs' houses and lots to such an extent as to be a menace and danger to the health of persons occupying said premises, and rendering those portions of plaintiffs' lots, which were formerly fit for cultivation and gardening, now useless for such purposes.
The defendant denies any and all liability, and its evidence is in sharp conflict with that of the plaintiffs' but the chief question debated before us, and upon which the defendant mainly relies, is that the (14) plaintiffs' cause of action, if any they have, is barred by the three-year statute of limitations and the following provision in the defendant's charter:
"Sec. 204. No action for damages against said city of any character whatever to either person or property shall be instituted against said city, unless within ninety days after the happening or infliction of the injury complained of, the complaint, his executors or administrators, shall have given notice to the board of alderman of said city for such injury, in writing, stating in such notice the date and place of happening or infliction of such injury, the manner of such infliction, the character of the injury, and the amount of damages claimed therefor; but this shall not prevent any time of limitation prescribed by law from commencing to run at the date of the happening or infliction of such injury, or in any manner interfering with its running."
Plaintiffs' first claim for damages was filed 23 April, 1921. Upon the issue as to whether the cause of action is barred, his Honor directed an answer in favor of the plaintiffs; and, to this instruction, the defendant excepts and assigns same as error. It is true his Honor limited the jury in its award of damages to such as had been sustained in the three years next immediately preceding the commencement of the action, together with such further damages as were likely to occur in the future; and this upon the theory of a renewing, intermittent, and recurring trespass. Duval v. R. R.,161 N.C. 448; Roberts v. Baldwin, 155 N.C. 279. But this, we think, was a misconception of the real basis of plaintiffs' cause of action. The complaint, giving it a liberal construction (C.S. 535), contains, not only an allegation of trespass, but also a charge of taking or appropriating plaintiffs' property without *Page 15 
just compensation. The alleged injury consists in the doing of a lawful act, but in such a manner as to amount to a partial taking of the property in question for a public use. Mason v. Durham, 175 N.C. 638; Rhodes v.Durham, 165 N.C. 679; Donnell v. Greensboro, 164 N.C. 330; Hines v. RockyMount, 162 N.C. 410; Moser v. Burlington, 162 N.C. 141; Little v. Lenoir,151 N.C. 415; Selma v. Jones, 202 Ala. 82; 10 R.C.L. 71.
Indeed, the city having a right to erect the incinerator and to maintain it for the benefit of the public, in the exercise of a governmental duty, it will not be held civilly liable to individuals for injuries resulting therefrom, when properly built and operated, upon the theory of a trespass, in the absence of some legislative authority or a statute conferring such right of action. James v. Charlotte, 183 N.C. 630, and cases there cited. But the denial of a right to recover against a municipality for an alleged injury upon the theory of its constituting a trespass does not militate against the right of recovery for a taking or appropriating, in whole or in part, of property for a public use without due compensation. Lloyd v. Venable, 168 N.C. 531: (15)Jacobs v. Seattle, 160 P. 299 (incinerator), reported on second appeal in 171 P. 662; Keene v. Huntington, 92 W. Va. 713; L.R.A., 1917F, 475 (incinerator); Donnell v. Greensboro, 164 N.C. 330;Metz v. Asheville, 150 N.C. 748. "Public necessity may justify the taking, but cannot justify the taking without compensation."Platt Bros. v. Waterbury, 72 Conn. 531. See, also, BoiseValley Const. Co. v. Kroeger, 28 L.R.A. (N.S.), 968, and note, which contains a valuable collection of the authorities on the subject.
The distinction here made becomes important upon the question of the statute of limitations and when the cause of action first accrued. It is conceded that for an irregular, intermittent, and variable trespass, if the defendant be liable for such a tort at all, plaintiffs would be entitled to recover any and all such damages as have accrued within the three years next immediately preceding the commencement of the action, provided proper claim has been made therefor as required by the city charter. Roberts v.Baldwin, 151 N.C. 408; Barcliff v. R. R., 168 N.C. 270. But upon the theory of a taking or appropriating, in whole or in part, of plaintiffs' property under the power of eminent domain and in the exercise of a governmental function, where the injury is permanent, constant, and continuous in its nature, as alleged by the plaintiffs here, the cause of action accrues and the statute of limitations begins to run in such cases from the time when the first substantial injury is sustained, or when the first appreciable damage is done. Staton v. R. R., 147 N.C. 428; Ridley v.R. R., 118 N.C. 1010; Hocutt v. R. R., 124 N.C. 214; Stack v. R. R.,139 N.C. 366; Gulf C. S. Co. v. Moseley, *Page 16 
20 L.R.A. (N.S.) 885, and note. See, also, valuable and instructive notes in L.R.A., 1916, E, 997, and 36 L.R.A. (N.S.), 673. Obviously, there is a distinction between the injury and the source or cause of the injury.Houston Waterworks v. Kennedy, 8 S.W. (Tex.), 36. "It is well settled that the injury is the cause of action, and that no statute of limitations can begin to run before the cause of action accrues." Douglas, J., in Hocutt v.R. R., 124 N.C. 219. See, also, C.S. 405.
It may be well to note that a renewing or recurring injury caused by the "construction of a railroad or repairs thereto," although such construction or work is done in the exercise of powers conferred by the Legislature for that purpose, by the express terms of the statute, C.S. 440(2), the injury is denominated a trespass, and a remedy is accordingly provided therefor. Savage v. R. R., 168 N.C. 241. But where the cause of action rests upon an implied promise or contract to pay a just and reasonable compensation, it would seem, of necessity, that such cause of action must take its rise as of the date of the making of said implied promise or contract; and this, under our decisions, arises (16) at the time of the first substantial injury. Staton v. R. R., supra, and cases there cited. "If a structure, when completed, is permanent in character, but not necessarily a nuisance, and afterwards becomes one, the statute begins to run from the time an injury is received, and not from the time the structure is erected." Note to Eells v.Chesapeake, etc., Ry. Co. 87 Am. St. Rep. 792, citing a number of authorities.
The plaintiffs, under the provisions of the city charter, were required to show that their claim for compensation had been filed with the board of alderman of the defendant city within ninety days after the first substantial injury to their property which is alleged to have been caused by the maintenance and operation of said incinerator. Cresler v. Asheville,134 N.C. 311. It has been held with us, in a number of cases, that, as a prerequisite to a suit of this kind, in the absence of a valid excuse (Hartsell v. Asheville, 166 N.C. 633), it is necessary both to allege and to prove that a demand was made upon the municipal authorities before commencing action, such requirement being incorporated in the city charter.Hartsell v. Asheville, 164 N.C. 195; Pender v. Salisbury, 160 N.C. 365;Terrell v. Washington, 158 N.C. 281.
In the instant case this question has not been passed upon by the jury, and the evidence is conflicting as to when the first substantial injury was sustained, or when the first sensible impairment of plaintiffs' property occurred. The defendant's evidence is to the effect that no appreciable damage was suffered at any time. Hence, the cause must be remanded for a new trial.
The plaintiffs' claim for damages or compensation having been filed *Page 17 
with the board of alderman of the defendant city on 23 April, 1921, it follows that, if the first substantial injury was sustained within ninety days prior thereto, the three-year statute of limitations, as set up by the defendant, can have no effect upon the instant suit. It is, therefore, unnecessary for us to decide, at the present time, whether the three-year statute of limitations (C.S. 441, subsec. 1), or the ten-year statute (C.S. 445) would be applicable to a suit of this kind. Jacobs v. Seattle, 171 Pac. (Wash.) 662; Aylmore v. Seattle, 171 Pac. (Wash.) 659; U.S. v.FallsMfg. Co., 112 N.S. 645. The only question in this respect, arising on the present record, is whether the plaintiffs' claim for compensation was filed with the board of aldermen of the defendant city within ninety days after the first substantial injury to their property. If so, they are entitled to have an issue of damages submitted to the jury; otherwise not.
For the error, as indicated, there must be a new trial, and it is so ordered.
New trial.
Cited: Parks v. Comrs., 186 N.C. 500; Smith v. Winston-Salem,189 N.C. 180; Cook v. Mebane, 191 N.C. 5; Moore v. Greensboro,191 N.C. 593; State Prison v. Bonding Co., 192 N.C. 394; Ragan v.Thomasville, 196 N.C. 262; Peacock v. Greensboro, 196 N.C. 416;Biggs v. Asheville, 198 N.C. 272; Knight v. Coach Co., 201 N.C. 261;Cahoon v. State, 201 N.C. 315; Jones v. High Point, 202 N.C. 722;Gray v. High Point, 203 N.C. 760; Trust Co. v. Asheville,207 N.C. 163; Wallace v. Asheville, 208 N.C. 75;Switzerland Co. v. Hwy. Com., 216 N.C. 459; Wester v. Charlotte,222 N.C. 323; Tate v. Power Co., 230 N.C. 259; Raleigh v. Edwards,235 N.C. 675; McKinney v. High Point, 237 N.C. 75; Rhyne v. Mt. Holly,251 N.C. 527.
(17)