BROWN *v*. ARKANSAS CENTRAL POWER COMPANY.

Opinion delivered October 1, 1928.

*Charles S. Harley* and *W. R. Donham,* for appellant.

*Elmer Schoggen* and *Rose, Hemingway, Cantrell &
Loughborough,* for appellee.

SMITH, J.   On March 1, 1925, appellants brought
separate suits against the appellee power company to
recover damages to compensate the losses sustained by
them through the negligent operation of appellee's power
plant.   The causes were consolidated, and demurrers to
the complaints were sustained and the causes dismissed
upon the ground that they were barred by the statute
of limitations.

Upon the appeal from this judgment it was held
that the trial court erred in sustaining the demurrers.
*Brown* v. *Arkansas Central Power Co.,* 174 Ark. 177,
294 S. W. 709.   The opinion on the former appeal copied
*in extenso* the material allegations of the complaints, and
need not be repeated here.

Upon the remand of the consolidated cases there
was a trial before a jury, under instructions conforming
to the opinion on the former appeal, and a verdict and
judgment for the defendant power company, from which
is this appeal.

It was shown by the undisputed evidence that the
construction of the power plant was completed in 1920,
and that it was constructed for the use of slack or soft
coal, and was operated as constructed.   To provide the
necessary draft, a smokestack 278 feet high was erected
as a part of the plant.   The undisputed testimony also
shows that, from the completion of the original con-

struction, there was thrown off from the coal and slack consumed in generating steam, soot, cinders and ashes, which fell upon plaintiff's property and greatly damaged it.

At the request of the plaintiffs the court directed the jury as follows:

"3. You are instructed that if you find from a preponderance of the evidence that the defendant caused the plaintiff to suffer damage from the operation of its plant within three years prior to the date of the filing of the complaint herein, plaintiff's cause of action is not barred by the statute of limitations, unless you further find that the construction and operation of said plant was such that damage must necessarily result in such manner that the certainty, nature and extent of the damage could have been reasonably estimated and ascertained at the time of its construction and the beginning of operations. In other words, if it was known merely that damage was probable, or that, even though some damage was certain, the nature and extent of that damage could not be reasonably known and fairly estimated, but would be only speculative and conjectural, then the statute of limitation was not set in motion until injury occurred, and in such case there may be as many successive recoveries as there are injuries."

As we have said, this instruction conforms to the law as declared in the opinion on the former appeal.

Certain real estate agents testified that the damage to plaintiffs' property was such that it could have been estimated and ascertained at the time of the completion of appellee's plant, and, if this be true, the right of the plaintiffs to sue for damages commenced at that time, and the statute of limitations was then set in motion, and its running for three years operated to bar the plaintiffs' right to sue for the damages which might have been ascertained and recovered when the plant was first put in operation.

There would therefore be no difficulty about affirming the judgment from which this appeal comes, under

the finding of the jury, except for the assignment of error relating to the exclusion of certain offered testimony. This testimony was to the effect that the power company might have used natural gas or hard coal, which would not produce so many cinders, or might have installed spark and cinder arresters, smoke consumers, or other well-known equipment, which would, at least, have minimized the damage.

The insistence is that this testimony, if admitted, would or might have shown that the damage to plaintiffs' property was temporary and recurrent, and not permanent and original, and that a continuing cause of action therefore existed, which could be maintained at any time when an injury was inflicted.

The undisputed testimony, however, shows that the power plant was constructed at a very great cost to consume soft and slack coal, and to use gas or other fuel would require a reconstruction of the plant. From the beginning the plant was operated by using soft and slack coal, without spark arresters or smoke consumers, and the jury has found, under the instructions quoted above, submitting that issue, that there was inflicted upon plaintiffs a damage which could have been ascertained and estimated and fully compensated at the time the injury first occurred.

The case of *Dayton* v. *Asheville*, 185 N. C. 12, 115 S. E. 827, presented the question here under consideration. In that case a city had built an incinerator, from which ashes and grease were blown and cast upon plaintiff's property. It was there said that for an irregular, intermittent and variable trespass, if the city were liable for such a tort at all, the plaintiff would be entitled to recover any and all such damages as have accrued within the three years next immediately preceding the commencement of the action, but that where the injury is permanent, constant, and continuing in its nature, the cause of action accrues and the statute of limitations begins to run in such cases from the time the first substantial injury is sustained or when the first appreciable damage is done.

We think the jury in the instant case was warranted in finding that appellee's power plant as constructed and operated inflicted an original and permanent injury, which might have been ascertained and compensated when the first appreciable damage was done; and, as more than three years had expired after that time before the institution of the suits, the jury was warranted in finding that the causes of action were barred.

Appellants requested the court to give an instruction numbered 6, which reads as follows: "You are instructed that the fact that the defendant may have obtained a franchise from the city of Little Rock authorizing the construction of its light plant in no way avails it anything as a defense in this case."

This instruction correctly declares an abstract proposition of law, but we think no error was committed in refusing to give it, as it was not contended that the fact that appellee had a franchise to construct and operate its light plant availed it anything as a defense in this suit.

The controlling question in the case, and the one upon which the verdict of the jury was based, was whether the plaintiffs' cause of action was barred by the statute of limitations, and the jury was told to find for the plaintiffs unless the causes were barred by the statute of limitations. There is not involved in this case any question about the right of the city, in the exercise of its police power, to regulate the power company's plant.

We discover no error in the record, so the judgment of the court below must be affirmed, and it is so ordered.