C. A. RAGAN v. CITY OF THOMASVILLE.

(Filed 14 November, 1928.)

**Limitation of Actions—Computation of Period of Limitation—Accrual of Right of Action—Trespass.**

> Where damages are sought for the flooding of the plaintiff's land, caused by the negligent construction and operation by a city of its sewage disposal plant, the verdict of the jury that the statute of limitations did not bar the right of action will be upheld where there is evidence that the trespass was not continuous, but was intermittent and variable, and that the first substantial damage occurred within three years next before the commencement of the action.

APPEAL by defendant from *Harwood, Special Judge,* at July Term, 1928, of DAVIDSON. No error.

Action to recover damages for injuries to plaintiff's lands and crops, caused by the negligent construction and operation of defendant's sewerage disposal system.

The issues were answered by the jury as follows:

1. Were the lands and crops of the plaintiff damaged by reason of the negligence of defendant, as alleged in the complaint? Answer: Yes.

2. If so, is the plaintiff's claim barred by the statute of limitations? Answer: No.

3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $600.

From judgment on the verdict defendant appealed to the Supreme Court.

*Samuel W. Ruark, McCrary & DeLapp and Phillips & Bower for plaintiff.*

*Roper & Roper and H. R. Kyser for defendant.*

PER CURIAM. Defendant, a municipal corporation, constructed a sewerage disposal system in 1912. This action was begun on 17 October, 1927, to recover damages for injuries to plaintiff's lands and crops caused by the discharge of sewage from said system into a creek which runs through plaintiff's land. This land is located about two miles from defendant's septic tank. Plaintiff alleges that defendant's sewerage system is defective in construction and that it is negligently operated. There was evidence tending to sustain these allegations, and also to sustain plaintiff's allegations that his land and crops had been injured by defendant's negligence. Assignments of error based upon defendant's exceptions pertinent to the first and third issues cannot be sustained. These exceptions are to rulings of the court upon defendant's objections to evidence offered by plaintiffs, and to the refusal of the court to allow defendant's motion for judgment as of nonsuit.

There was conflict in the evidence with respect to when plaintiff's cause of action accrued. There was evidence tending to show that the land now owned by plaintiff was injured when defendant's sewerage disposal system was constructed in 1912, and that the injuries complained of resulted from a continuous trespass on said land, which began more than three years prior to the commencement of this action. There was evidence also tending to show that the first substantial injury to said land occurred within three years prior to the commencement of this action, and that the injuries resulted from trespasses which were irregular, intermittent and variable. The injuries to plaintiff's lands and crops were caused by the overflow of water from the creek upon plaintiff's meadow land. The quantity of sewage discharged from defendant's septic tank into the creek had been gradually and greatly increased by reason of the growth in population of the city of Thomasville within the past few years. Neither plaintiff nor defendant prayed that permanent damages be assessed for the taking or appropriation of plaintiff's land. Under instructions of the court, damages were assessed only for three years next preceding the trial.

The contentions of both parties with respect to the answer to the second issue were submitted to the jury, under instructions as to the

law, which are supported by authoritative decisions of this Court. *Dayton v. Asheville,* 185 N. C., 12, 115 S. E., 827; *Cardwell v. R. R.,* 171 N. C., 365, 88 S. E., 495; *Barcliff v. R. R.,* 168 N. C., 268, 84 S. E., 290; *Roberts v. Baldwin,* 151 N. C., 408, 66 S. E., 346. The jury having found from the evidence that the first substantial injury to plaintiff's land occurred within three years prior to the commencement of the action, and that the injuries complained of resulted from trespasses which were irregular, intermittent and variable, under proper instructions, answered the second issue as set out in the record. Assignments of error with respect to the trial of the second issue cannot be sustained. The judgment is affirmed. We find

No error.