Action to recover damages, caused by the ponding of water on plaintiffs land, by means of a dam created by defendant in and across a stream, known as Reedy Fork. Plaintiff's land abuts on said stream.
Defendant is a municipal corporation and owns lands also abutting on Reedy Fork, below the land of the plaintiff. Defendant acquired and holds said land as a source of its water supply. For the purposes of increasing its water supply, and for other purposes, it has constructed dams on its lands in and across Reedy Fork.
The issues submitted to the jury were answered as follows:
"1. Did the plaintiff give notice to the defendant of his claim within six months from the time when the first substantial injury to his said property was sustained, as alleged in the complaint? Answer: Yes.
"2. Is the plaintiff, W. L. Peacock, the owner of the land described in the complaint? Answer: Yes.
"3. Has the defendant, the city of Greensboro, appropriated for public use the plaintiff's property in whole or in part, without due compensation, as alleged in the complaint? Answer: Yes.
"4. What sum, if any, is the plaintiff entitled to recover of the defendant as compensation for such appropriation of said plaintiff's property for the uses and in the manner alleged in the complaint? Answer: $2,500."
The judgment rendered on the verdict includes a clause in words as follows:
"And by consent of counsel representing the plaintiff and defendant, it is ordered that defendant remove the obstruction in Reedy Fork, known as the meter dam, located just east of Reedy Fork bridge on the *Page 414 
highway leading from Greensboro to Summerfield, the said obstruction to be removed within sixty days from the end of this term."
From judgment that plaintiff recover of defendant the sum of $2,500, and costs, defendant appealed to the Supreme Court.
Defendant first contends that there was error in the refusal of its motion for judgment as of nonsuit (C. S., 567), for that,
1. The notice of plaintiff's claim for damages, filed with defendant, as required by a provision in defendant's character, was not sufficient in form and substance, to constitute compliance with said provision,
2. If the notice of claim was sufficient in form and substance, it was not filed within the time required by said provision.
Section 82, chapter 37, Private Laws of North Carolina, 1923, which is the character of the city of Greensboro, is as follows:
"Section 82. That no action for damages against said city of any character whatever, to either person or property, shall be instituted against said city unless, within six months after the happening or infliction of the injury complained of, the complainant, his executors, or administrators, shall have given notice in writing to the council of such injury, stating in such notice the date and place of happening or infliction of such injury and the amount of damages claimed therefor; but this shall not prevent any time of limitation prescribed by law from commencing to run at the date of the happening or infliction of such injuries, or in any manner interfere with its running."
Applying the principle upon which Graham v. Charlotte, 186 N.C. 649,120 S.E. 466, was, in part, decided, we must hold that the notice of claim, set out in the record in this case, was sufficient in form and substance, as a compliance with the foregoing provision. In that case, it was held, both on principle and under authorities cited in the opinion, that a substantial compliance with a provision in the character of the city of Charlotte, identical in all respects with the foregoing provision in the character of the city of Greensboro, is all that is required. In the instant case, the notice in writing was sufficient to inform defendant of all the facts upon which plaintiff's claim for damages was founded, and to enable defendant, after an investigation of the claim within a reasonable time, as fixed by the statute, after the claim for damages arose, to determine whether or not it should admit liability and undertake to adjust and settle said claim. This is the manifest purpose of the statute. The claimant is not required in stating the amount of his *Page 415 
damages, in his written notice, to apportion said amount to the several acts of the city, which he claims caused the injuries which resulted in his damages.
The notice in writing filed with the city council, as required by statute, is sufficient, if there is stated therein the date and place of the injury, together with the amount of damages claimed therefor. It is not required that the notice shall be drawn with the technical nicety necessary in a pleading. In the instant case, as in Graham v. Charlotte, supra, the city had ample notice of the cause of the injury for which damages were claimed, to wit: the ponding of water by it on plaintiff's land.
In his complaint, plaintiff alleges that on or about 1 September, 1925, defendant caused to be erected across Reedy Fork the dam referred to in his "amended notice," filed with the city on 25 May, 1926. He alleges that the injuries for which he seeks to recover damages in this action were caused by water impounded on his land by this dam. There was evidence tending to show that the injuries, resulting in the first appreciable and substantial damages to plaintiff, were inflicted or happened on or about 1 December, 1925, and that since said date, and continuing up to the date of the trial, the damages have greatly increased. The water which caused plaintiff's injuries was not impounded on his land immediately after the construction of the dam in September, 1925. It was only after the water in Reedy Fork had been greatly increased in volume by rains, that the plaintiff's land was injured. Three or four months elapsed after the construction of said dam before any appreciable or substantial damages were sustained by plaintiff.
On 2 March, 1926, plaintiff filed a notice in writing of his claim for damages caused by the ponding of water on his land by the city of Greensboro. In this notice, he stated that a large dam constructed by the city at its water supply station was the cause of his damages. There was evidence tending to show that this large dam was constructed in 1924. The city declined to allow the claim for which this notice was filed. Thereafter, on 25 May, 1926, plaintiff filed "an amended notice" of his claim. This claim was for the same damages, substantially, as those for which the original notice was filed, on 2 March, 1926. In his "amended notice," plaintiff alleges that the small dam constructed by the city in September, 1925, was the cause of the damages which he had suffered. In both the original and the amended notice, plaintiff claims damages for injuries to his land caused by the ponding of water thereon by defendant. For the purpose of determining defendant's liability to plaintiff, it is immaterial whether the damages were caused by the large dam, constructed in 1924, or by the small dam, constructed *Page 416 
in 1925. Plaintiff does not claim that his land was injured by either dam. The injuries for which he claims damages were caused by the ponding of water on his land. There was evidence tending to show that there was no appreciable or substantial damages until on or about 1 December, 1925. Plaintiff's cause of action accrued on the date when such damages arose.Ragan v. Thomasville, ante, 260; Dayton v. Asheville, 185 N.C. 12,115 S.E. 827; Cardwell v. R. R., 171 N.C. 365, 88 S.E. 495; Barcliff v. R.R., 168 N.C. 268, 84 S.E. 290; Roberts v. Baldwin, 151 N.C. 408,66 S.E. 346. While there was evidence to the contrary, there was also evidence from which the jury could find that plaintiff filed with defendant notice in writing of his claim for the damages which he seeks to recover, in this action, within six months from the time when he sustained the first appreciable and substantial damage. Whether plaintiff relies upon the original notice, filed on 2 March, 1926, or on the "amended notice," filed on 25 May, 1926, if his cause of action arose on or about 1 December, 1925, there was a compliance by him with the provision in defendant's character, which makes the filing of a notice in writing, within six months after the cause of action arose, a condition precedent to his recovery. Whether a notice filed within the time prescribed by statute, may be amended after such time has expired, for the purpose of complying with the statutory provisions, is not presented on this record. There was no error in the refusal of defendant's motion for judgment as of nonsuit. The evidence was properly submitted to the jury, upon the first issue.
Defendant's second contention is that upon this record, if plaintiff is entitled to recover at all, he is not entitled to recover permanent damages, for the reason that it appears upon the record that there has been no appropriation of plaintiff's land for permanent purposes, but that the injuries, if any, to said land, caused by the ponding of water thereon, are temporary, and that said injuries will cease when the small or meter dam is removed by defendant, in accordance with the provision in the judgment, included therein by consent. Defendant contends that at most plaintiff is entitled to recover temporary damages, only, resulting from a trespass. These contentions are presented by assignments of error based upon exceptions (1) to the admission and exclusion of evidence; (2) to the refusal to submit issues tendered by defendant; (3) to the submission of the issues answered by the jury; and (4) to instructions of the court in the charge to the jury upon the issues submitted.
Defendant, in its answer, admitted that during September, 1925, it caused to be constructed the small or meter dam across Reedy Fork Creek, by which plaintiff alleges that water was ponded on his land. The *Page 417 
injuries for which plaintiff demands damages in this action were caused by this dam. In an amendment to its answer, filed by leave of court, defendant alleges:
"That the structure complained of by plaintiff was erected in Reedy Fork Creek for the purpose of measuring the volume of water flowing through said stream; that the same consists of wooden timbers and boards, and is temporary in character and nature of construction. The defendant further avers that it is its purpose to remove said structure within a reasonable time, not exceeding sixty days, from the termination of this, the February Term of this court, and defendant obligates itself so to do; and defendant pleads this in bar of any permanent damages."
There was evidence tending to sustain the allegations of fact in this amendment, and the court, in the judgment, by and with the consent of plaintiff, ordered that defendant remove from Reedy Fork Creek the small or meter dam within sixty days from the expiration of the term of court at which the judgment was rendered.
Plaintiff, in the brief filed in his behalf in this Court, says that this action was instituted and proceeded to trial upon the theory that the small dam constructed by defendant was permanent in its nature and character. It was manifestly upon this theory of the case that the court admitted and excluded evidence, over defendant's objections, and subject to its exceptions; it was upon this theory that the court refused to submit the issues tendered by defendant, and submitted the issues answered by the jury. The instructions of the court, however, to the jury upon the fourth issue, were based upon the law with respect to temporary damages. If plaintiff was entitled to recover permanent damages, these instructions were erroneous; on the other hand, if the plaintiff was entitled to recover only temporary damages, as distinguished from permanent damages, there was error in the admission and exclusion of evidence, and with respect to the issues. Upon the record, it is impossible to determine whether the jury has assessed permanent or temporary damages. It is clear, we think, in view of the provision included in the judgment by consent of counsel for both plaintiff and defendant, with respect to the removal of the small or meter dam, that plaintiff is entitled to recover temporary damages, only, for injuries, caused by trespass on his land; and that as there has been no appropriation of his land for permanent purposes, he is not entitled to recover permanent damages. Mitchell v. Ahoskie, 190 N.C. 235,129 S.E. 626.
Defendant is entitled to a new trial. It is so ordered.
New trial. *Page 418