BANKS PENDER, ADMINISTRATOR OF R. H. PENDER, v. CITY OF SALISBURY.

(Filed 13 November, 1912.)

1. **Cities and Towns—Charter Provisions—Damages—Written Demand—Actions—Interpretation of Statutes.**

   The charter provisions of a town requiring that before an action shall be instituted against the city "upon any claim or demand whatsoever, of any kind or character," written notice shall first be presented to the board of aldermen, to be acted upon by them, etc.; and that "no action for damages of any character whatever, to either person or property, shall be instituted against the city unless, within ninety days after the happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the board of aldermen of such injury in writing," etc., are valid and enforcible as a salutary protection to the public against stale and fictitious claims, and to afford the city an early opportunity to investigate the claim while the evidence is fresh, so as to prevent fraud and imposition.

2. **Same—Reasonable Requirements.**

   When it appears in an action against a city for damages for the negligent killing of plaintiff's intestate, that the plaintiff, as administrator, was afforded ample opportunity to comply with the charter provisions, requiring written notice to be given the board of aldermen of the claim, its nature, etc., within a certain time, in order to maintain an action thereon, recovery may not be had in the absence of his giving the required notice.

3. **Cities and Towns—Charter Provisions—Damages—Written Demand—Waiver—Interpretation of Statutes.**

   The municipal authorities cannot waive the provisions of a city's charter requiring written demand to be made, in a certain prescribed manner, upon the board of aldermen, as a condition precedent to the bringing of an action for damages against the municipality.

4. **Statutes—Repealing Acts—Local Laws—Interpretation of Statutes.**

   Section 5453 of the Revisal, providing for the repeal of "all public and general statutes," does not apply to a separate charter given a municipality; the restriction as to locality preventing it from being a general law.

APPEAL by plaintiff from *Ferguson, J.,* at February Term, 1912, of ROWAN.

Civil action, brought to recover damages for the alleged negligent killing of R. H. Pender.

The issue of negligence was determined by the jury in favor of defendant. Plaintiff appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*John L. Rendleman and L. M. Swink for plaintiff.*
*Craige & Craige, Stahle Linn, W. H. Woodson for defendant.*

BROWN, J. The evidence shows that plaintiff's intestate was thrown from the footboard of defendant's hose wagon on the night of 17 December, 1909, and killed, when going to a fire at a rapid rate. He fell from the wagon at the intersection of two of the principal streets in the center of the city, which had just been surveyed and paved in vitrified brick, with best materials, under the supervision of an expert engineer employed by the city for this purpose. The complaint alleges that the city was negligent in that it failed to properly construct and maintain its streets and permitted a depression in its streets at the intersection of Church and Fisher streets.

The defendant denies the acts of negligence alleged in the complaint, and sets up contributory negligence, assumption of risk, and that intestate was a trespasser, and further alleges that the city had, previous to the accident, spent the sum of $200,-000 in repairing and building streets and sidewalks, and had employed an expert engineer to map out, survey, and oversee the work and lay out the streets; that the intersection of the streets where intestate was injured was one of the streets the city had just built under the supervision of an expert engineer, and was surveyed and built in the most improved manner.

The defendant further alleges that neither plaintiff, as administrator of deceased, nor any other person, gave any notice of claim in writing of death of intestate, within ninety days after its happening, to the board of aldermen of the city of Salisbury, stating the date and place of its happening or infliction of the injury, the manner of such infliction, the character of the injury, and the amount of damages claimed, as required by chapter 186, Private Laws of North Carolina, Session 1899,

sections 92 and 93, being the charter of the city of Salisbury. Plaintiff neither alleged nor proved that a notice and demand had been made upon the city, as required by its charter.

1. As to the notice of claim: The charter of the city of Salisbury, chapter 186, sec. 92, provides as follows:

"No action shall be instituted or maintained against said city upon any claim or demand whatsoever, of any kind or character, until the claimant shall have first presented his or her claim or demand in writing to said board of aldermen, and said board of aldermen shall have declined to pay or settle the same as presented, or for ten days after such presentation neglected to enter or cause to be entered upon its minutes its determination in regard thereto. The statute of limitations shall not begin to run until the expiration of the ten days from such demand or until refusal by said board to pay such claim, provided such demand shall be made in thirty days from the time the cause of action arose."

Section 93: "No action for damages against said city, of any character whatever, to either person or property, shall be instituted against said city unless, within ninety days after the happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the board of aldermen of such injury in writing," etc.

These two sections of defendant's charter, taken together, are comprehensive enough to cover every possible claim or demand that may arise against a municipal corporation, and if valid, they effectually bar a recovery in this case.

Similar provisions are to be found in the charters of many cities and towns, and their validity has been very generally sustained as a salutary protection to the public against stale and fictitious demands. The purpose is to give the municipal authorities an early opportunity to investigate such claims while the evidence is fresh, so as to prevent fraud and imposition.

We have heretofore held that it is necessary both to allege and prove that a demand was made upon the municipal authorities before commencing action for damages, where such provision is incorporated in the charter. *Cresler v. Asheville,* 134 N. C., 311; *Terrell v. Washington,* 158 N. C., 281.

In this last case the validity of such charter requirement is recognized and sustained, but the plaintiff was excused from making his demand in writing within the ninety days because the jury found that during that period the plaintiff was mentally and physically unable to make such claim, and that he did so within a reasonable time after recovering sufficiently to do so. *Born v. Spokane,* 27 Wash., 719; *Barclay v. Boslin,* 167 Mass., 597.

In the case at bar the claim in writing could have been presented by the administrator, and the record discloses no excuse for failure to comply with the statute. Such charter requirements have been generally upheld in other jurisdictions. *Cunningham v. Denver,* 58 Am. State, 212; *Commissioners v. Heaston,* 55 Am. State, 203, note. See note 15. *Elam v. Mount Sterling,* 20 L. R. A., n. s., p. 757, where many cases are cited. *Luke v. El Paso* (Texas), S. W., 363; *Melter v. Grand Rapids,* 118 N. W., 919 (Mich.); *Schmidt v. Fremont,* 97 N. W., 830; *Forsyth v. City of Oswego,* 95 N. Y., 107.

The decisions are based largely upon the words used in the charters, and we have cited those cases where charters are no more comprehensive than that of the defendant, which, as we have shown, is broad enough to cover any kind of demand.

The plaintiff contends that the charter of the city of Salisbury is repealed by section 5453 of the Revisal of 1905. That section of the Revisal provides for the repeal of all "public and general statutes not contained in this Revisal." The charter of the city of Salisbury is not such a public and general statute as was intended to be repealed by this section. The defendant's charter does not apply to the State at large, and is therefore not general. The restriction of locality prevents it from being a general law. *High v. Jacksonville,* 51 Fla., 207.

The contention of plaintiff that the mayor was one of the first persons to arrive after the accident, and that therefore the city had notice of it, does not relieve plaintiff from the necessity of making a demand. The law requires that a demand, in writing, be made upon the board of aldermen, stating the nature and infliction of the injuries, etc., and the *amount of damages claimed*

*therefor.* The city could not be charged with such notice simply because the mayor happened to help care for intestate after he was injured.

The town authorities cannot waive this statutory requirement that a demand in writing be made, even if the mayor should have imagined that a suit was to be brought. In *Borts v. Town of Sharon,* 48 New York S., 996; American Digest, vol. 14, p. 1991, the Court says that "The municipal officers of a town cannot waive any statutory requirements as to notice of claim imposed for the protection of the municipality."

2. The conclusion we have reached renders it unnecessary to discuss the assignments of error relating to the issue of negligence. We have nevertheless examined them, and find them to be without merit. If any errors were made, they were in plaintiff's favor.

No error.