JOSEPHINE HARTSELL v. CITY OF ASHEVILLE AND
MARIA BEALE AND HUSBAND.

(Filed 10 December, 1913.)

1. Cities and Towns—Ordinances—Streets and Sidewalks—Adjoining Owner—Negligence—Trials.

Where a city ordinance requires the owners of lots adjoining the streets to keep the sidewalks in front of their premises, under penalty, free from ice, snow, etc., it is for the city to enforce its ordinance, and a property owner is not liable in damages to a pedestrian injured by falling on a sidewalk in front of his premises, alleged to have been caused by his negligence in failing to observe the ordinance. Instances distinguished in which the city has made a contract for the benefit of its citizens, as in *Gorrell v. Water Co.*, 124 N. C., 328.

2. Cities and Towns—Negligence—Presenting Claims—Interpretation of Statutes—Notice—Exceptions.

No actual notice is required to be given of a provision of a city charter that no action for damages for a personal injury shall be instituted against it unless notice be given in writing, in a certain manner, within ninety days after the happening or infliction of the injury complained of, and a provision of this character being to protect the city from unjust claims or demands, is held valid; and no exception thereto is shown when it appears that a plaintiff was not mentally incapacitated from giving the notice, and had ample opportunity to have done so, though physically unable during the period specified.

APPEAL by plaintiff from *Bragaw, J.,* at August Term, 1913, of BUNCOMBE.

*J. H. Merrimon and Merrimon, Adams & Adams for plaintiff.*

*S. G. Bernard and Harkins & Van Winkle for defendants.*

CLARK, C. J. This action is for the recovery of damages for an injury sustained from a fall on ice and snow which had been permitted to accumulate on the sidewalk in Asheville along the front of the property owned by the defendant, Maria Beale.

Upon the close of all the evidence the court held that there was no evidence sufficient to go to the jury as to the liability of

the defendant Beale, and that all the evidence tended to show only physical disability on the part of the plaintiff as an excuse for a failure to file notice within ninety days of her claim, as required by the charter of Asheville, and she could not maintain this action against the city, and judgment of nonsuit was duly entered as to both defendants.

There was evidence that the plaintiff fell on ice which was on the sidewalk in front of the property of Maria Beale, and was seriously injured. She was taken to the hospital and was practically helpless for three months, but she was not unconscious during that time except for one period of two hours, when ether was administered. Her daughter visited her every day while in the hospital.

The ordinances of Asheville made it the "duty of all occupants or tenants of improved property and of the owners of all vacant property within the city of Asheville in front of which the sidewalks have been paved, to keep said sidewalks clean and to do such sweeping and scraping as may be necessary to keep such sidewalks clean and free from snow, ice, dirt, and trash, and to render the same passable, comfortable, and sightly, and the gutter next to and along such sidewalk open and free from obstructions for the full width of their respective fronts, and no further. And any person failing, neglecting or refusing to comply with the provisions of this section shall be subject to a penalty of $10 for each and every such offense." It was in evidence that the Beale property was unoccupied at the time of the injury. But that would not release the owner from the duty to observe the requirements of this ordinance. The failure to obey it subjected the owner of the property to a penalty of $10 for each offense. We know, however, of no principle of law, nor have we been able to find any precedent where the owner of property failing to obey such ordinance became liable to any passer-by who might be injured by slipping upon the ice or snow accumulated on the sidewalk. It was the duty of the city to see that the sidewalks were kept clear, and the penalty upon the abutting owner for failure to observe the requirement of

the city is prescribed in the ordinance. There was no obligation created thereby upon the abutting owner for injuries accruing to the plaintiff under such circumstances.

It is true, we have decisions that when a contract is made for the benefit of a third party the beneficiary therein is entitled to maintain an action for its breach. *Gorrell v. Water Supply Co.*, 124 N. C., 328, and cases therein cited, and citations to that case in Anno. Ed. This principle does not apply to actions of tort where one is injured by failure to obey a town ordinance, which was enacted as a part of the town system of government. It is for the town to enforce its own ordinances, and the failure of a citizen to obey an ordinance creates no contractual or other liability on him in favor of one who has been injured by the failure of the town to enforce its regulations. We find no precedent extending the doctrine to such cases, and it would open a wide and dangerous field of liability for abutting owners of property if liability should accrue to them in such cases. In *Gorrell v. Water Supply Co., supra; Peanut Co. v. R. R.*, 155 N. C., 148, and like cases, there was no question as to the liability of the defendant upon the facts alleged. The question was whether the plaintiff, as beneficiary, could maintain the action. But unless it were held that the defendant Beale was liable to the city for the damages, the plaintiff could not sustain this action.

Section 97 of the charter of Asheville prescribes: "No action for damages against said city of any character whatever, to either property or persons, shall be instituted against said city unless within ninety days after the happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the board of aldermen of such city of such injury in writing, stating in such notice the date and place of the happening or infliction of such injury, the manner of such infliction, the character of the injury, and the amount of damages claimed therefor; but this shall not prevent any time of limitation prescribed by law from commencing to run at the date of the happening or infliction of such injury, or in any manner interfere with its running." This section was

set out and sustained as valid in *Cresler v. Asheville,* 134 N. C., 315. It is, besides, a most necessary requirement that the city should have prompt notice of the circumstances attending the injury and the damages claimed, in order that the matter may be investigated while the injury is fresh and the evidence obtainable.

A similar provision in regard to claims for damages sustained from the nondelivery of telegrams, express, and freight has been sustained in this Court, though not required by any statute, as in this case, and though the period is restricted to sixty days. *Sherrill v. Telegraph Co.,* 109 N. C., 531, and cases there cited and citations thereto in Anno. Ed. Such provision neither restricts nor interferes with the statute of limitations as to the time within which the action may be brought. It is a reasonable regulation, in this case, indeed, expressly authorized by statute, to give opportunity for prompt investigation of the circumstances attending the alleged injury. It is not necessary, therefore, that the plaintiff should be shown to have had actual notice of the requirement.

It is contended that the plaintiff is relieved from giving notice by the decision in *Terrell v. Washington,* 158 N. C., 281. But upon examination it will be found that in that case the condition of the plaintiff was such, both mentally and physically, that he was unable during that period to transact ordinary business or present his claim. In this case the plaintiff was during the whole time, both mentally and physically, able through her friends to give notice of her claim, and was no more disabled from doing so than are those injured in the vast majority of cases for which the limitation of the time for notice is prescribed. Every person who is at all seriously injured is in more or less pain and more or less confined for some period thereafter. The provision applies to them. The statute in this case prescribed that in case of the death of the party injured such notice must be given by the personal representative within said ninety days, who must therefore be appointed and qualified. The object is to protect the city from unjust claims. In this case the plaintiff was unconscious for only two hours, and, be-

sides, had the daily attendance of her daughter, who looked after her personal comfort, and through her the plaintiff could have given at any time the notice required by the statute, which is a mere formulation of what is reasonable and proper, without any statute, for all who have just claims for injuries. .

The judgment of nonsuit must be sustained as to both defendants.

Affirmed.