JOSEPHINE HARTSELL v. CITY OF ASHEVILLE AND
C. W. BEALE AND WIFE.

(Filed 30 September, 1914.)

1. **Cities and Towns—Claims for Damages—Statutory Notice—Reasonable Opportunity.**

 A charter requirement that notice to a city must be given within ninety days after the occurrence of an injury for which it is claimed that the city is responsible through its negligence, is a valid one, and failure to give this notice will bar a plaintiff's right of recovery, unless it is shown by him that it was impossible, on account of his incapacity, with the ordinary means at his hands, to give such notice in the time required.

2. **Same—Trials—Evidence—Questions for Jury.**

 The reason of a charter requirement that notice be given within ninety days of a claim of damages arising from its negligence is that within that time opportunity will reasonably be afforded the claimant to give such notice; and in this case, there being evidence tending to show that the plaintiff was in a hospital for eight weeks, absolutely helpless, and practically so for three months, and longer, it is held that the question should be submitted to the jury for their finding as to whether or not the plaintiff had been afforded a reasonable opportunity to give the notice in the time required.

PETITION to rehear this case, reported 164 N. C., 193.

*J. H. Merrimon and Merrimon, Adams & Adams for plaintiff.*
*S. G. Bernard and Harkins & Van Winkle for defendants.*

CLARK, C. J. When this case was here before, 164 N. C., 193, the Court held that there was no liability in favor of the plaintiff against Maria Beale and her husband by reason of their ownership of the lot adjoining the sidewalk on which the plaintiff slipped and fell, to her injury, and sustained the non-suit as to the city of Asheville because the plaintiff had failed to offer sufficient evidence of an excuse for failure to file notice within ninety days of her claim, as required by the charter of the city.

The petition to rehear does not allege any error as to Mrs. Beale and husband, and is directed solely to the holding that

there is no evidence to submit to the jury to excuse plaintiff's failure to present the notice to the city within the required ninety days.

The requirement that such notice shall be presented within ninety days is a reasonable one and its legality is not controverted. But in *Terrell v. Washington,* 158 N. C., 298, it was said that to excuse a strict compliance with this requirement, "it must be shown, that there is such physical or mental incapacity as to make it impossible for the injured person by any ordinary means at his hand to procure service of the notice . . . and if there is actual incapacity, it can make no practical difference whether it is mental or physical in its nature."

It is not necessary that the injured party should be in physical and mental condition to make such claim and give due notice for the whole period of ninety days. The ninety days is prescribed with the view that at some time within that period the injured party will be in condition to give the notice, and it should be given to permit the city to make prompt investigation and to avoid imposition. All that is necessary is that there should be reasonable opportunity within that time in which the plaintiff will be able to give the required notice.

On the former hearing, on consideration of the evidence, we thought that the plaintiff had not introduced any evidence which would authorize a jury to find that during the whole ninety days she had been under "such physical or mental incapacity as to make it impossible for her, by any ordinary means at hand, to procure service of the notice." But upon reconsideration of the testimony, we find that, taking her testimony to be true, the jury might or might not so find. She testified that during the first eight weeks in the hospital she was absolutely helpless, and was practically helpless for three months, and that she left the hospital only at the end of three months. Her daughter testified that her mother during the time she was in the hospital was as helpless as a baby, and remained in a practically helpless condition for two months after she came home.

We are of opinion, upon reconsideration, that upon all the testimony the issue should have been submitted to the jury,

under proper instructions from the court, whether by reason of her physical or mental condition the plaintiff was unable at any time during the ninety days to give, or to cause to be given, to the city notice of her injury.

Petition allowed.