MRS. ETTA FOSTER v. CITY OF CHARLOTTE.

(Filed 2 May, 1934.)

**Municipal Corporations J b—Charter provisions requiring notice of claim of damages is condition precedent to right of action for personal injury.**

Compliance with the requirements of the charter of a city that notice be given the board of aldermen within a specified time of the infliction of injury of any claim for damages for such injury is a condition precedent to bringing action against the city to recover such damages with the burden on plaintiff to allege and prove that the required notice had been given, and though incapacity, mental or physical, will excuse failure to give such notice, such failure will not be excused if plaintiff has reasonable opportunity to give such notice within the prescribed time.

APPEAL by plaintiff from a judgment of nonsuit by *Warlick, J.,* at January Term, 1934, of MECKLENBURG. Affirmed.

Plaintiff brought suit for damages for personal injury alleged to have been caused by the negligence of the defendant in failing to maintain one of its streets in proper repair. She alleged that on 15 March, 1931, while returning from her work on North Brevard Street in attempting to cross 17th Street on boards placed over an excavation she was thrown into the excavation and injured by reason of the negligent placing and defective condition of the boards.

The charter of the city of Charlotte contains the following provision: "No action for damages against said city of any character whatever, to either person or property, shall be instituted against said city unless

within six months after the happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the board of aldermen of said city of such injury in writing, stating in such notice the date and place of happening or infliction of such injury, the manner of such infliction, the character of the injury, and the amount of damages claimed therefor, but this shall not prevent any time of limitation prescribed by law from commencing to run at the date of happening or infliction of such injury or in any manner interfere with its running." Private Laws, 1911, chap. 251, sec. 15.

The summons was issued and the action begun on 14 October, 1932. At the close of the plaintiff's evidence the court dismissed the action as in case of nonsuit and the plaintiff excepted and appealed.

*W. M. Hood and J. E. Meyer for appellant.*
*Bridgers & Orr and J. Edward Stukes for appellee.*

PER CURIAM. There are a number of decisions of this Court to the effect that compliance with charter provisions similar to those above set out is a condition precedent to the institution of an action against a municipal corporation for the recovery of damages—the object of the provision being to give the municipal authorities timely opportunity to investigate claims while the evidence may be procured and preserved and to prevent fraud and imposition. *Cresler v. Asheville,* 134 N. C., 311; *Pender v. Salisbury,* 160 N. C., 363; *Hartsell v. Asheville,* 164 N. C., 193. Both allegations and proof of notice are necessary. *Pender v. Salisbury, supra.* The plaintiff neither alleged nor proved that she had given the required notice.

There is an exception to the rule if the claimant has been mentally or physically incapacitated to comply with the provisions of the charter. *Terrell v. Washington,* 158 N. C., 282. It is obvious in the present case that the plaintiff was not prevented from presenting her claim by reason of mental or physical incapacity between the time of the alleged injury and the institution of her action. There is evidence that her mental and physical condition was good, and she testified that she had declined to bring suit earlier because it would "have been of no use to sue if she recovered right away." Meantime she was not confined to her bed and had occasion from time to time to leave her home and consult with her physicians. In *Hartsell v. Asheville,* 166 N. C., 633, it was said all that is necessary is that there should be reasonable opportunity within the period intervening between the injury and the institution of the action in which the plaintiff would be able to give the required notice.

Affirmed.