VIRGINIA TRUST COMPANY v. CITY OF ASHEVILLE ET AL.

(Filed 10 October, 1934.)

**Municipal Corporations J b—Notice of claim of damages given by trustor does not inure to benefit of trustee in deed of trust on the lands.**

Notice to a city of a claim against it for damages for injury to lands, given the city by the owner of the equity of redemption in the lands, will not inure to the benefit of the trustee in a deed of trust thereon in the absence of a showing that such notice was given on behalf of the trustee or was intended to include the trustee's claim, since knowledge of the claimant is as necessary as knowledge of the injury in affording the city an opportunity to discharge its liability without suit, and where no proper notice is given the city by the trustee within the time prescribed by the city charter, the trustee's action against the city on such claim is properly nonsuited.

APPEAL by plaintiff from *Pless, J.,* at June Term, 1934, of BUNCOMBE.

Civil action, instituted in the general county court of Buncombe County to recover damages to lands held by plaintiff as trustee in deed of trust, alleged to have been caused by defective storm sewer constructed and maintained by defendant.

Judgment for the plaintiff in the general county court, from which the defendant appealed to the Superior Court, where the action was dismissed as in case of nonsuit, principally upon the ground that no notice of claim had been given the defendant within ninety days of the injury as required by the charter of the city of Asheville. It was also contended that the plaintiff had no right to maintain the action; and that the evidence of negligence was insufficient to carry the case to the jury.

The injury is alleged to have occurred 28 October, 1928. The charter of the defendant city provides that "no action for damages against said city of any character whatever to either person or property shall be instituted against said city unless within ninety days after the happening or infliction of the injury complained of, the complainant, his executors or administrators, shall have given notice to the board of commissioners of said city of such injury in writing," etc.

It is not contended that plaintiff gave the defendant written notice of its claim within the time required by the city charter, but plaintiff seeks to avail itself of the notice given by the owner of the equity of redemption in said lands. Notice by the owner was given 17 December, 1929, within ninety days after the injury.

From the judgment of nonsuit entered in the Superior Court, the plaintiff appeals, assigning errors.

*Bourne, Parker, Bernard & DuBose for plaintiff.*
*C. E. Blackstock for defendant city of Asheville.*

STACY, C. J. When real estate is damaged through the negligence of a municipality, will notice of such damage given by the owner of the land in accordance with the city charter inure to the benefit of the trustee in the first lien created by a deed of trust thereon?

Defendant had no notice of plaintiff's claim, or that plaintiff would make claim for damages, until nearly two years after the alleged injury. Nothing else appearing, failure to give notice as required by the city charter defeats the action under the decisions dealing with this and similar charter provisions. *Dayton v. Asheville,* 185 N. C., 12, 115 S. E., 827; *Cresler v. Asheville,* 134 N. C., 311, 46 S. E., 738; *Pender v. Salisbury,* 160 N. C., 363, 76 S. E., 228; *Dockery v. Hamlet,* 162 N. C., 118, 78 S. E., 13; *Terrell v. Washington,* 158 N. C., 281, 73 S. E., 888; *Kirby v. Comrs. of Person,* 198 N. C., 440, 152 S. E., 165. Compare *Stephens Co. v. Charlotte,* 201 N. C., 258, 159 S. E., 414.

Nor do we think the notice given by the owner of the equity of redemption can avail the plaintiff in the absence of a showing that such notice was given on behalf of the plaintiff, or was intended to include plaintiff's claim. *City of Birmingham v. Chestnutt,* 161 Ala., 253; 43 C. J., 1191.

Knowledge of the claimant is as necessary as knowledge of the injury, if the city is to be afforded an opportunity to discharge its liability without suit. See *McDougall v. Birmingham,* 219 Ala., 686, 123 So., 83, as reported in 63 A. L. R., with full annotation.

Affirmed.