During the month of September, 1923, the plaintiff purchased seventeen acres of land situate in Buncombe County, North Carolina, and located on both sides of Bee Tree Creek. She owned the said land at the commencement of this action, and has owned it continuously since 1923.
During 1926 the defendant, a municipal corporation created under the laws of this State, caused a dam to be erected across Bee Tree Creek, and thereby impounded the waters of said creek in a reservoir, for use by the defendant. The erection of said dam diverted the waters of said creek from their natural course, and permanently damaged the land of the plaintiff. The first substantial injury to said land occurred during the summer of 1927.
On 24 August, 1933, the plaintiff filed with the governing body of the defendant a notice in writing of her claim for damages for the injury to her land. The defendant refused to allow the claim. This action was begun on 14 May, 1934.
The issues raised by the pleadings were submitted to the jury, and were answered as follows:
"1. Did the defendant city of Asheville wrongfully divert the waters of Bee Tree Creek from its natural flow, as alleged in the complaint? Answer: `Yes.'
"2. Was the plaintiff's property damaged by the wrongful diversion of the water by the city of Asheville, as alleged in the complaint? Answer: `Yes.'
"3. If so, when did plaintiff sustain the first substantial injury to her land? Answer: `1927, through 1932.'
"4. Did the plaintiff, within 90 days after sustaining her first substantial injury, file a claim in writing with the governing body of the *Page 75 
city of Asheville demanding damages in a definite sum, in accordance with the terms of the charter of the defendant? Answer: `No.'
"5. In what amount, if any, has plaintiff's land described in the complaint been depreciated in value or damaged by the diversion of water from Bee Tree Creek by the defendant? Answer: `$433.34.'"
From judgment that plaintiff recover of the defendant the sum of $433.34, together with the costs of the action, the defendant appealed to the Supreme Court, assigning errors in the trial and in the judgment.
The failure of the plaintiff to give notice in writing to the defendant of her claim for damages within 90 days after the first substantial injury to her land, which was a prerequisite to the maintenance of this action, under the provisions of defendant's charter, precludes her recovery in this action. Dayton v. Asheville, 185 N.C. 12, 115 S.E. 827; Biggs v.Asheville, 198 N.C. 271, 151 S.E. 199.
In view of the answers to the third and the fourth issues submitted to the jury, there is error in the judgment that plaintiff recover of the defendant her damages as assessed by the jury in the answer to the fifth issue. The action is remanded to the Superior Court of Buncombe County that judgment may be entered there in accordance with this opinion.
Error.