EDWIN P. WEBSTER v. CITY OF CHARLOTTE.

(Filed 25 November, 1942.)

1. **Municipal Corporations § 46—**

    In the absence of some valid excuse, compliance must be shown with the provisions of a city charter requiring notice of claim as a condition precedent to the institution of an action against a municipal corporation for the recovery of damages.

2. **Same—**

    The sufficiency of notice of claim against a municipality, before bringing an action for damages, may be determined by the city charter; but it need not be drawn with the technical nicety necessary in pleadings.

3. **Municipal Corporations §§ 46, 47—**

    Municipal charter provisions, requiring notice of a claim for damages before institution of suit, differ from the wrongful death statute, C. S.,

11—222

160, in that it is not essential that the action be brought within the time prescribed for giving notice, and inability to comply strictly with the requirement has been recognized as an exception to the rule.

**4. Negligence § 19a: Municipal Corporations § 14—**

In an action for damages by a child against a city for personal injuries occasioned by a defective sidewalk, where plaintiff's evidence showed that there was a short strip of pavement ending in the middle of the block, leaving a drop of four or five inches opposite a break in the curb, which had existed for a year and a half, and plaintiff, while walking along this sidewalk, between sundown and dark, fell because of the said drop, severely injuring his knee. *Held:* Judgment of nonsuit erroneous.

APPEAL by plaintiff from *Pless, J.,* at May Term, 1942, of MECKLENBURG.

Civil action to recover damages for personal injuries sustained by plaintiff when he fell on one of the public streets in the city of Charlotte, due to the defective condition of the sidewalk.

It is alleged that the defendant negligently permitted South A Street to become in a dangerous and unsafe condition "when it knew that the sidewalk adjacent to the curbing, as heretofore related, was uneven, that is, the surface of the sidewalk; that there were holes in it, and that a child would be liable to stumble on said sidewalk," etc.

The evidence discloses that on 5 September, 1931, the plaintiff, a boy eight years of age, was walking along the sidewalk on A Street, between sundown and dark, when he fell because of a drop of four or five inches where the pavement stopped in the middle of the block, and severely injured his knee. He says, "My knee struck the curbing where that slab was missing. The edge of the curb was ragged."

Plaintiff's attorney gave notice of claim on 16 March, 1936, when the plaintiff was thirteen years of age.

Before the plaintiff had rested his case, the court inquired of counsel whether they had any further evidence bearing upon the question of negligence. Counsel replied in the negative; whereupon, the court advised counsel that he did not think the plaintiff could get along on the issue of negligence. In deference to this suggestion, no further evidence was offered, but the parties stipulated what the evidence would be in respect of the extent of plaintiff's injuries.

From judgment of nonsuit entered upon the evidence as offered, the plaintiff appeals, assigning errors.

*Guy T. Carswell and John M. Robinson for plaintiff, appellant.*
*Tillett & Campbell for defendant, appellee.*

STACY, C. J. The plaintiff was injured on a public sidewalk in the city of Charlotte—the east sidewalk on South A Street. In the middle of the block there is a short strip of pavement, which ends about midway

the block.  Opposite the north end of this pavement, there was a slab missing from the curbing.  This caused the dirt to wash away, leaving a drop of four or five inches from the end of the pavement to the dirt portion of the sidewalk.  The condition had existed for a year and a half prior to plaintiff's injury.  Plaintiff alleges that he was injured as a result of the defect in the sidewalk.

Under the decisions in *Bell v. Raleigh,* 212 N. C., 518, 193 S. E., 712, and *Radford v. Asheville,* 219 N. C., 185, 13 S. E. (2d), 256, it would seem that the evidence was sufficient to carry the case to the jury on the issue of negligence.

The defendant contends, however, that the judgment of nonsuit should be sustained (1) because of the failure of the plaintiff to give notice of his claim within six months of his injury, as required by the defendant's charter, and (2) for that the notice given was insufficient.

Neither of these questions was mooted in the court below, and the case was cut short by the court's intimation that he did not think the plaintiff could get along on the issue of negligence.  The situation is somewhat analogous to that appearing in the case of *Morgan v. Benefit Society,* 167 N. C., 262, 83 S. E., 439, where it was thought a kindred error may have disadvantaged the appellant in making out his case.  *Midgett v. Nelson,* 212 N. C., 41, 192 S. E., 854.  · But however this may be, there has been no ruling in the court below on either question.  See *Ex parte Kumezo Kawato,* October Term, 1942, ...... U. S., ......, decided 9 November, 1942.

Undoubtedly, we have decisions to the effect that in the absence of some valid excuse (*Terrell v. Washington,* 158 N. C., 281, 73 S. E., 888; *Hartsell v. Asheville,* 166 N. C., 633, 82 S. E., 946; Annotation, 109 A. L. R., 975), compliance must be shown with the provisions of a city charter requiring notice of claim as a condition precedent to the institution of an action against a municipal corporation for the recovery of damages.  *Trust Co. v. Asheville,* 207 N. C., 162, 176 S. E., 257; *Foster v. Charlotte,* 206 N. C., 528, 174 S. E., 412; *Daylon v. Asheville,* 185 N. C., 12, 115 S. E., 827; *Pender v. Salisbury,* 160 N. C., 363, 76 S. E., 228; *Cresler v. Asheville,* 134 N. C., 311, 46 S. E., 738.  The condition is one precedent to bringing action, but it is not essential that the action be brought within the time prescribed for giving notice of demand. *Terrell v. Washington, supra.*  And in this jurisdiction, inability to comply strictly with the requirement has been recognized as an exception to the rule.  *Hartsell v. Asheville, supra; Foster v. Charlotte, supra.* In these respects, the usual-charter provision differs from the wrongful-death statute, C. S., 160.  Compare *Dockery v. Hamlet,* 162 N. C., 118, 78 S. E., 13.

The sufficiency of the notice given may be determined by the requirement of the city charter.  This provides that the notice shall be in

writing, stating when and where the injury occurred, and the amount of damages claimed therefor. It need not be drawn "with the technical nicety necessary in pleadings." *Graham v. Charlotte,* 186 N. C., 649, 120 S. E., 466.

The plaintiff is entitled to another day in court.

Reversed.