### DORA L. BARNETT v. CITY OF ELIZABETH CITY.

(Filed 24 February, 1943.)

APPEAL by plaintiff from *Hamilton,* Special Judge, at October Term, 1942, of PASQUOTANK.

Civil action to recover damages for personal injuries sustained by plaintiff when she fell on a public sidewalk in the city of Elizabeth City.

The record discloses that on Sunday evening, 23 June, 1940, about dusk, the plaintiff was out walking with her husband in Elizabeth City. As she was about to cross Martin Street to get on the opposite side thereof, an automobile coming at a high rate of speed attracted her attention and she stepped into a depression or "sink down hole" approximately 8 or 10 inches in diameter, 5 or 6 inches deep, and covered with grass. It was about 18 inches from the curbing. The sidewalk was unpaved. Plaintiff says: "The hole was grown up, and I did not see it. I stepped into it accidentally."

Plaintiff gave notice of her claim on 29 January, 1941. The city charter requires such notice to be given within 90 days after cause of action accrues.

From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning error.

*W. W. Cohoon and R. Clarence Dozier for plaintiff, appellant.*
*J. W. Jennette for defendant, appellee.*

PER CURIAM. A careful perusal of the record leaves us with the impression that the demurrer to the evidence was properly sustained, if not upon the principal issue of liability, *Houston v. Monroe,* 213 N. C., 788,

197 S. E., 571; *Pace v. Charlotte,* 221 N. C., 245, 19 S. E. (2d), 871, then for failure to give written notice of claim as required by the city charter. *Trust Co. v. Asheville,* 207 N. C., 162, 176 S. E., 257; *Pender v. Salisbury,* 160 N. C., 363, 76 S. E., 228. In either event, the result is an affirmance of the judgment of nonsuit.

Affirmed.