JIMMY CARTER by his Next Friend FRED CLAP v.
CITY OF GREENSBORO.

(Filed 14 January, 1959.)

**1. Municipal Corporations § 46—**

Where plaintiff fails to allege and prove the giving of notice of a claim in tort against a municipality within the time prescribed by its charter, nonsuit is ordinarily proper, but if plaintiff alleges and proves that his failure to give such notice was due to such mental or physical disability as rendered it impossible for him by any ordinary means at his command to give notice and that he actually gave notice within a reasonable time after the disability was removed, the failure to give such notice does not bar his action.

**2. Same—**

Plaintiff's evidence that when he was three years old he was seriously injured, requiring more than six months hospital treatment, that he was without guardian, that his mother was of limited education, was separated from his father and later divorced, and that notice of his claim against the municipality was given immediately after he was advised of his legal rights, requires the submission to the jury of an issue of whether the giving of timely notice was impossible because of plaintiff's physical and mental incapacity, and the jury's affirmative answer to the issue is conclusive.

**3. Municipal Corporations § 6—**

Activity of a municipality which is discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself, is a governmental function; activity of a municipality which is commercial or chiefly for the private advantage of the compact community, is private or proprietary.

**4. Same—**

Activity of a city in managing a temporary, low-cost housing project for a special and limited class of tenants under contract with the Federal Government, under which the city receives substantial ground rental

and other benefits and is entitled to salvage upon removal of the struc-
tures, is a proprietary activity, and the city may not escape liability
for the negligent acts of its employee in the discharge of such function
on the ground of governmental immunity.

**5.  Courts § 18—**

A municipality, in managing a housing project under contract with
the Federal Government, is not an "employee of the government" with-
in the meaning of USCA Title 28, 1346(b), and therefore in an action
to recover for injuries sustained as a result of the negligence of a mu-
nicipal employee in the discharge of its duty in the management of
such project, nonsuit on the ground that the municipality was an agent
of the United States under the terms of the contract and that the
action was in the exclusive jurisdiction of the Federal court, is properly
denied.

APPEAL by defendant from *Johnston, J.,* March 10, 1958 Civil
Term, GUILFORD Superior Court (Greensboro Division).

The plaintiff, a minor 12 years of age, by his Next Friend, insti-
tuted this civil action on February 29, 1956, to recover damages for
injuries alleged to have been caused by the actionable negligence of
the defendant. In material substance the plaintiff alleged that on De-
cember 2, 1946, he lived with his parents in one of several housing
units owned and maintained for rent on a specifically described tract
of land; that the defendant's agents, in maintaining the grounds sur-
rounding the housing units, negligently kindled and left unattended
a trash and rubbish fire in violation of the ordinance of the City of
Greensboro; that the defendant knew small children living in the
rental units were in the habit of playing on the grounds where the
defendant left the fire open and unguarded; that plaintiff was at-
tracted to the fire, his clothing was ignited, and he suffered horrible
burns to his great damage; that at the time of his injury he was three
years old; that on September 13, 1955, he gave written notice of his
claim to the proper authorities of the City of Greensboro; that prior
to the date upon which plaintiff filed his claim he was under such
physical and mental incapacity as to make it impossible for him, by
any ordinary means at his command, to give written notice required
by the provisions of the City Charter. The claim was denied and this
suit instituted.

The defendant filed answer, stated ". . . the defendant is the owner
of a tract of land described . . . subject to a written contract entered
into on February 21, 1946, . . . between the United States, acting by
the Commissioner of the Federal Public Housing Authority, and the
defendant." A copy of the contract was by express reference made a
part of the paragraph. The defendant admitted "there were located
on the land described certain temporary dwelling units owned and

managed by and under the control and supervision of the United States of America . . . under the contract . . . referred to." The defendant denied all allegations of negligence and by way of further defense especially pleaded the plaintiff's failure to file his claim within the six months after the injury as required by the City Charter. Both parties introduced evidence. That which is pertinent to the appeal is discussed in the opinion. The defendant made timely motions for nonsuit, and excepted to the court's refusal to allow them. The court submitted three issues which the jury answered as indicated:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the Complaint?

Answer: Yes."

"2. Prior to September 13, 1955, was the plaintiff under such physical or mental incapacity as to make it impossible for him, by any ordinary means at his command, to give written notice of his claim to the Council of the defendant, as alleged in the Complaint?

Answer: Yes."

"3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant?

Answer: $35,000.00."

From the judgment on the verdict, the defendant appealed.

*Jordan, Wright & Henson, By: Welch Jordan for plaintiff, appellee.*
*H. J. Elam, III, City Attorney, H. L. Koontz, Holt, McNairy & Harris for defendant, appellant.*

HIGGINS, J. The legal dispute involves the question of law whether the facts in evidence make out a case for the jury. The defendant contends the cause should have been withdrawn from the jury upon either of three grounds: (1) The plaintiff failed to file his claim within the time required by the city charter as a condition precedent to the institution of this action; (2) the defendant is immune from liability for negligence in this case in that the injury occurred incident to the performance of a necessary governmental function; (3) the defendant was the local managing agent for the United States under the terms of the contract and, therefore, any action for tort must be brought in the Federal court which is given exclusive jurisdiction. The defenses interposed do not involve the question of negligence, the character of the injuries, or the amount of the verdict.

1. The evidence discloses the plaintiff was horribly burned on December 2, 1946, under the circumstances alleged in the complaint. He was then three years old, living with his father and mother in one of the rental units. Later the father and mother separated, then were

divorced. The plaintiff remained with the mother. She was a witness in the case. It is apparent from her testimony that she was of very limited education. She testified the plaintiff had difficulty in remembering things; that "he can work around the house; he waters and feeds dogs, and he helps in the garden a little." From the time of the injury until the last day of December he was treated in the hospital at Greensboro and then transferred to Duke Hospital in Durham where he remained until June, 1947. At Duke Hospital he underwent six different skin grafting operations; was given 17 blood transfusions; and submitted to anesthesia 41 times during the course of his treatment. He testified he goes to school, is in the 7th grade, but is crippled and handicapped in his movements. One of his school teachers, called as a witness by the defendant, testified: "He is below average — a dull, slow student." He was without guardian. His family consisted of his mother, his stepfather, and a sister two years older than he. He remembers very little about the accident, his stay in the hospital, or his return home. So far as the record discloses, he was first advised of his legal rights by Mr. Jordan, now of counsel, who immediatley gave notice and filed his claim. The plaintiff was then twelve.

Ordinarily, the giving of timely notice is a condition precedent to the right to maintain an action, and nonsuit is proper unless the plaintiff alleges and proves notice. *Wallace v. Asheville,* 208 N.C. 74, 179 S.E. 18; *Dayton v. Asheville,* 185 N.C. 12, 115 S.E. 827; *Pender v. Salisbury,* 160 N.C. 363, 76 S.E. 228. However, there is an exception to the rule. The plaintiff may relieve himself from the necessity of giving notice by alleging and proving that at the time notice should have been given he was under such mental or physical disability as rendered it impossible for him by any ordinary means at his command to give notice; and that he actually gave notice within a reasonable time after the disability was removed. *Barnett v. Elizabeth City,* 222 N.C. 760, 24 S.E. 2d 264; *Webster v. Charlotte,* 222 N.C. 321, 22 S.E. 2d 900; *Foster v. Charlotte,* 206 N.C. 528, 174 S.E. 412; *Hartsell v. Asheville,* 166 N.C. 633, 82 S.E. 946; *Terrell v. Washington,* 158 N.C. 281, 73 S.E. 888.

In this case the plaintiff, as a part of his cause of action, alleged his failure to file the notice within the time fixed by the defendant's charter and at the same time he alleged facts which, if true, brought his case within the exception. The evidence offered was sufficient to support the finding the plaintiff, the three-year-old son of one of the distressed tenants, was horribly burned; that he spent more than six months in the hospital, underwent six skin grafting surgical operations, was given 17 blood transfusions, and submitted to anesthesia 41 times. He was without guardian; his mother of limited education,

later divorced, and his father. in parts unknown. Under such circumstances is it not the policy of the law and the duty of judges to guard his rights with jealous care and to see that the door of the courthouse is not closed to him when he is without fault? The evidence required the court to submit the second issue to the jury. Its answer is conclusive. Failure to give earlier notice does not justify nonsuit.

In order properly to understand the defendant's second and third grounds for nonsuit, we quote a few pertinent provisions of the contract between the United States (FPHA) and the defendant (the Local Body): "This contract entered into this 21st day of February, 1946, by the United States (FPHA), . . . and the City of Greensboro . . . The FPHA will provide . . . 96 family dwelling units . . . all of which undertakings . . . shall be at its cost and expense. The local body . . . shall select and provide a site . . . deemed suitable by FPHA. . . . The local body shall prepare a plan of management for the project . . . consisting of standards for . . . adjustment of rents and an estimate of . . . income and expense. . . . The Project Management Plan shall be prepared (by the local body) in accordance with a form prescribed by FPHA . . . and submitted . . . for review and approval. . . . The local body shall manage and operate the project . . . in accordance with the provisions of this contract (including the approved Project Management Plan) and in accordance with such further rules . . . as may be deemed appropriate by the local body . . ."

The project was made possible by the Act of Congress known as the Lanham Act. The purpose was to furnish temporary low rent housing accommodations for distressed families of servicemen in congested areas. The contract provided that the local body should collect the rent, retain a fixed amount per unit for ground rental, for water, for taxes, for insurance, for management expenses, and to account to the FPHA for any balance. "Notwithstanding any other provisions hereof (contract) . . . any annual deficit, resulting from the operation and management of the project . . ." shall be the sole obligation of the local body. This contract required the local body (Greensboro) to remove the (dwelling accommodations) units two years after the termination of the emergency. " . . . such disposition and removal . . . shall be at the sole cost . . . of the local body and any salvage or proceeds . . . may be retained by the local body." Under the terms of the contract the city received a substantial sum of money, all of which was charged against and deducted from rents received from the tenants.

The question presented by the defendant's second ground for nonsuit is whether the defendant acted in its governmental or in its

proprietary capacity in carrying out its contract with the FPHA. If the city, in operating the housing project for a limited class of tenants in which it received a substantial ground rental and other benefits, and the salvage upon removal of the structures, was engaged in one of its governmental activities, then the motion for nonsuit upon the second ground should have been sustained. If the city acted in its proprietary capacity, it would be liable for the negligent act of its employees, and motion for nonsuit upon the second ground was properly denied.

Whether specific acts of a city are governmental or proprietary has been the subject of many of this Court's decisions. *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482; *Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 2d 913; *Rhodes v. Asheville,* 230 N.C. 134, 52 S.E. 2d 371; *Klassette v. Drug Co.,* 227 N.C. 353, 42 S.E. 2d 411; *Hunt v. High Point,* 226 N.C. 74, 36 S.E. 2d 694; *Millar v. Wilson,* 222 N.C. 340, 23 S.E. 2d 42; *Broome v. Charlotte,* 208 N.C. 729, 182 S.E. 325; *Parks-Belk Co. v. Concord,* 194 N.C. 134, 138 S.E. 599; *Henderson v. Wilmington,* 191 N.C. 269, 132 S.E. 25. "Any activity of the municipality which is discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself, comes within the class of governmental functions. When, however, the activity is commercial or chiefly for the private advantage of the compact community, it is private or proprietary." *Britt v. Wilmington,* 236 N.C. 446, 73 S.E. 2d 289. The cases of *Cox v. Kinston,* 217 N.C. 391, 8 S.E. 2d 252; *Wells v. Housing Authority,* 213 N.C. 744, 197 S.E. 693; and *Webb v. Port Commission,* 205 N.C. 663, 172 S.E. 377, do not help the defendant in its attempt to classify the activities here involved as governmental and not proprietary.

The duties the city assumed and the purposes it sought to accomplish, the special and limited class of tenants who could qualify for occupancy, and the substantial financial returns the city received under the contract placed the city's management of the project in the category of proprietary activity. The employees of the city who ignited and abandoned the trash fire were not engaged in cleaning streets or disposing of garbage. They were engaged in maintaining the housing project. The defendant's motion for nonsuit on the ground the injury resulted from the acts of an employee engaged in one of the city's governmental functions was properly denied.

The defendant contends the City of Greensboro was the local managing agent of the FPHA project and as such agent is immune from suit except in the Federal court, and the motion to nonsuit on the third ground should have been allowed. The specific contention is: ". . . being merely a managing agent for the Federal Government under the

contract, . . . the persons employed to maintain and operate the housing project, such as the workmen who allegedly set the fire, are employees of the Federal Government and not of the City of Greensboro. . . . and the United States and not the City of Greensboro is liable, if there is any liability . . ."

Title 28 USCA.(s), 1346(b), gives Federal courts exclusive jurisdiction in tort cases resulting in injury or loss caused by employees of the government. Section 2671 provides: " 'Employee of the government' includes officers or employees of any federal agency, . . . and persons acting on behalf of a federal agency in an official capacity, . . . in the service of the United States . . .." The same section provides: " 'Federal agency' includes the executive departments, and independent establishment of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States *but does not include any contractor with the United States.*" (emphasis added)

There was evidence the employees of the defendant serviced the housing project, cleaned up the grounds, destroyed the rubbish which in some cases was carried off and in some cases burned on the ground. There was evidence the employees were using the city's trucks and equipment, set the fire, left it, and that they were paid for their services by the city, probably from the operating fund charged against the rents from the project.

Defendant's motion to dismiss on the ground the action should have been brought in the Federal court against the United States, or against the defendant as its agent, was properly denied.

The charge is omitted from the record. It must be assumed, therefore, that the court gave the defendant the full benefit of accurate instructions as to the principles of law applicable to the evidence in the case. No valid reason is made to appear why the verdict and judgment should be disturbed.

No Error.