# Richmond

MARY E. JOHNSON v. J. S. BELL, JR. & COMPANY, INC., ET AL.

November 28, 1960.

Record No. 5157.

Present, All the Justices.

The opinion states the case.

*Robert M. White* (*Paul M. Lipkin; Goldblatt and Lipkin,* on brief), for the plaintiff in error.

*William L. Ward,* for defendant in error, Norfolk Redevelopment & Housing Authority.

*John W. Winston* (*Seawell, McCoy, Winston and Dalton,* on brief), for defendant in error, J. S. Bell, Jr. & Company, Inc.

SNEAD, J., delivered the opinion of the court.

On December 12, 1958, at approximately 11:15 p. m., Mary E. Johnson was walking on the sidewalk of the east side of Chapel street near where it intersects with Brambleton avenue in Norfolk when she

slipped and fell on snow and ice, which had accumulated from natural causes and had not been removed from the sidewalk as required by an ordinance of the City of Norfolk (§ 42-27[1]). She suffered a fracture of her right ankle, and as a consequence she instituted action for damages grounded on negligence against the City of Norfolk; J. S. Bell, Jr. & Company, Inc., lessee of the premises adjacent to the sidewalk where she fell, and Norfolk Redevelopment & Housing Authority, the owner. Chapel street and Brambleton avenue are paved. The City of Norfolk filed a special plea alleging that plaintiff had not given the notice required by § 8-653, Code 1950, as amended. The special plea was sustained, and the City was dismissed as a party to the action. Demurrers to the motion for judgment were filed by the other two defendants. They were likewise sustained and the action was dismissed as to them. Plaintiff appealed from the order sustaining the demurrers.

The sole issue presented in this appeal is whether the violation of § 42-27 (now § 45-30) of the Code of the City of Norfolk, which requires the abutting property owner or occupant to remove snow from the sidewalk within the specified time, renders such owner or occupant liable to a third person for an injury arising from the condition of the sidewalk.

Although the question has been decided in a number of jurisdictions, it is one of first impression for us. The rule followed by the great weight of authority is succinctly stated by the author of the annotation in 24 A. L. R. 387, 388. There it is said:

"At common law the owner or occupant of property owes no duty to pedestrians to keep the adjacent sidewalks free from snow and ice coming thereon from natural causes, or to guard against the risk

---

[1] "Sec. 42-27. Removal of snow.

"It shall be the duty of each and every person, incorporated society or public institution using or occupying in any manner, or for any purpose whatsoever, any house, store, shop, stable, building or tenement of any kind, and of persons having charge of churches and public buildings of any description, and of owners of unoccupied houses and unimproved lots, situate on any paved street, lane or alley in the city, within three hours after the fall of any snow shall have ceased (except when the snow shall have ceased to fall between the hours of 3:00 P. M. and 7:00 A. M., in which case it shall be removed before 11:00 A. M. the following morning) to remove and clear away, or cause to be removed and cleared away, the same from the foot pavements fronting the respective houses, stores, shops, stables, churches, buildings or lots so used, occupied or owned by them or under their charge, in such manner as not to obstruct the passage of the water in the gutters.

"Any person violating any provision of this section shall be subject to a fine of five dollars, and in addition thereto shall pay the expense of cleaning the same away. (1944, § 368.)"

of accident by scattering ashes or using like precautions, and will not be liable in damages to persons injured by reason of his failure to do so. 13 R. C. L. 415. This duty is primarily that of the municipality, which alone has exclusive power and control over its public streets, and it cannot be evaded, suspended, or cast on others by any act of its own. Accordingly, it is uniformly held that an ordinance requiring lot owners to keep the sidewalks free from snow and ice, and imposing a penalty for the neglect or failure to do so, does not relieve the municipality of this primary duty with respect to the safety of its public streets, and does not impose a civil liability on the lot owner in favor of a third person injured by reason of its violation."

Among the cases supporting this view are: *Case* v. *Sioux City*, 246 Iowa 654, 69 N. W. 2d 27; *Radinsky* v. *Ellis*, 167 F. 2d (D.C. Cir.) 745; *Cowin* v. *Sears-Roebuck & Company*, 125 Ind. App. 624, 129 N. E. 2d 131; *Hartsell* v. *Asheville*, 164 N. C. 193, 80 S. E. 226; *Hale* v. *City of Knoxville*, 189 Tenn. 491, 226 S. W. 2d 265; *City of St. Louis* v. *Connecticut Mut. Life Ins. Co.*, 107 Mo. 92, 17 S. W. 637; *Grant Co.* v. *Casady*, 117 Colo. 405, 188 P. 2d 881. See also 63 C. J. S., Municipal Corporations, § 862(2) p. 234.

Appellant cites two West Virginia cases which hold to the contrary. In *Rich* v. *Rosenshine*, 131 W. Va. 30, 45 S. E. 2d 499, and in *Barniak* v. *Jewelry Co.*, 141 W. Va. 760, 93 S. E. 2d 49, the court, in considering an ordinance similar to the one with which we are concerned, held, among other things, that a violation of such an ordinance created liability to third persons for injuries sustained, and that it was *prima facie* actionable negligence when it was the proximate cause of the injury. This holding is against the great weight of authority and we are not in accord with it.

Appellant argues that the ordinance in question was specifically designed for the safety of persons using the city sidewalks, and that a violation of it constitutes negligence as a matter of law.

In 38 Am. Jur., Negligence § 163, p. 834, it is said:

"* * * To afford a right of action for injury from the violation of a statute or ordinance, the complainant's injury must have been such as the statute or ordinance was intended to prevent. If none of the consequences which the enactment was designed to guard against have resulted from its breach, such a breach does not constitute an actionable wrong, even though some other injurious consequence has resulted. It is not enough for a plaintiff to show

that the defendant neglected a duty imposed by statute and that he would not have been injured if the duty had been performed. He must go further and show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him."

Ordinances or statutes that place the responsibility on the abutting property owner or occupant to repair defects in, or to remove snow and ice from, the sidewalk are for the benefit of the municipality as an organized government and not for the benefit of the traveling public. A breach of the duty imposed is remediable at the instance of the municipality. *Case* v. *Sioux City, supra.* It was not the purpose of the ordinance here involved to protect appellant from the hazard she encountered. It was enacted for the benefit of the City of Norfolk, and she has no right of action against appellees for the injuries she sustained.

The primary duty is upon the municipality to exercise reasonable care in keeping its streets and sidewalks, over which it has exclusive power and control, in a reasonably safe condition for travel by the public. By enacting an ordinance, such as we have before us, requiring the owners or occupants to remove snow from the sidewalks fronting their property within the specified time and imposing a penalty for failure to comply, the municipality is not relieved of this primary duty with respect to the safety of its sidewalks, and no civil liability is imposed on the lot owner or occupant for injuries sustained by a third person because of its violation. *Grant Co.* v. *Casady, supra,* p. 412.

It is true we have held on numerous occasions that a violation of a statute or ordinance is negligence *per se.* That principle of law is not applicable to the present case since the ordinance was enacted for the benefit of the City of Norfolk and not for the protection of third persons.

The trial court did not err in sustaining the demurrers to the motion for judgment, and the judgment appealed from is affirmed.

*Affirmed.*