## CIRCUIT COURT OF LANCASTER COUNTY

William T. Temple

    v.

Allen M. Kimbrough, Jr., et al.

July 19, 1989

By JUDGE JOSEPH E. SPRUILL, JR.

Plaintiff slipped and fell on an icy sidewalk. He alleges in Count Two of his Motion for Judgment that the defendant violated an ordinance of the Town of Kilmarnock requiring defendant to remove snow on the sidewalk adjacent to his business property and that such violation is negligence *per se*, precluding the need to establish the common law elements of negligence.

Defendant responds that plaintiff is not an intended beneficiary of the ordinance and, therefore, no civil liability is imposed for injuries sustained by third persons because of its violation. Defendant also claims the sidewalk where plaintiff sustained the injury is not a sidewalk within the intendment of the ordinance.

We have had an opportunity to study the briefs and review the authorities cited.

The Court feels that the case relied upon by defendant, *Johnson v. J. S. Bell and Company*, 202 Va. 274 (1960), is controlling here. Although the rationale of this decision appears illogical and impractical to the Court, we can perceive of no proper basis upon which to rule it does not apply. There, on facts strikingly similar to those here, the Supreme Court held that the ordinance requiring owners to remove snow from "foot pavements fronting the respective . . . . shops" was for the benefit of the muni-

cipality and not the traveling public. Hence, the *per se* rule did not apply.

Plaintiff argues that in *Johnson*, the sidewalks were owned by the municipality and, in the instant case, they are not. Therefore, the municipality in *Johnson* exercised exclusive control over its sidewalks while Kilmarnock lacks such control. There is nothing in the *Johnson* opinion to indicate that ownership of the sidewalks was a factor. Rather, it appears that in each case, the municipality assumed it had some degree of control over sidewalks for each by ordinance imposed a duty upon adjacent owners to remove snow.

However desirable it would be from this perspective for the *Johnson* decision to be revisited, it is the Court's duty to follow it in an appropriate case. The Court feels this is such a case.

Therefore, the Motion for Partial Summary Judgment will be granted.